JANE SCHAFER, Appellant, v. CHESTER G. FOLAND, Individually, and Others, Respondents.— Appeal from a judgment of the Supreme Court entered in Madison county clerk's office in favor of defendants on a decision of an official referee. Plaintiff seeks specific performance of an alleged agreement between herself and her sister whereby it is claimed her sister, now deceased, in consideration of being furnished a home with plaintiff, agreed to leave all of her property to plaintiff. Judgment unanimously affirmed, with costs. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.

FLOYD L. CARLISLE, Respondent, v. JOHN J. BENNETT, JR., Individually, and as Attorney-General of the State of New York, Appellant.— Appeal from an order denying the defendant's motion to dismiss the complaint on the ground it fails to state a cause of action. The complaint asked for an injunction against the Attorney-General who was seeking to examine the plaintiff respondent and all his records from 1925, in connection with an investigation under section 352 of the General Business Law. Order affirmed, with ten dollars costs and disbursements. Hill, P. J., Crapser, Bliss and Heffernan, JJ., concur; Rhodes, J., dissents and votes to reverse on the ground that the action is prematurely brought, and that plaintiff has an adequate remedy at law.

GEORGE R. BIRDSALL, JR., Respondent, v. WILLIAM PLANK, Appellant.— Appeal from order denying defendant's motion to dismiss the complaint in libel action on the ground that it did not state facts sufficient to constitute a cause of action. Order unanimously affirmed, with ten dollars costs and disbursements. Present — Hill, P. J., McNamee, Crapser, Bliss and Heffernan, JJ.

In the Matter of the Application of NEW YORK STATE ELECTRIC AND GAS CORPORATION, Petitioner, for a Certiorari Order against MILO R. MALTBIE and Others, as Public Service Commissioners of the State of New York, as and Constituting the Public Service Commission of the State of New York, Defendants.— Petitioner entered in its books $6,500,000, representing the alleged value of property transferred to it by its affiliate; the actual cost of the property was $2,271,667.70 when the affiliate purchased from a stranger, and there was no proof of a different value. The Public Service Commission required petitioner to enter on its books the actual value of the property $2,271,667.70. Determination unanimously confirmed, with fifty dollars costs and disbursements. Present — Hill, P. J., McNamee, Crapser, Bliss and Heffernan, JJ.