787 CENTRAL PARK AVENUE, INC., Respondent, *v.* STATE OF NEW YORK, Defendant, and CROSS PROPERTIES, INC., Appellant.

Third Department, May 23, 1958.

*Austin D. Graham* and *Lewis A. Aronowitz* for appellant.

*John T. De Graff* for respondent.

Bergan, J. In the course of the trial of its claim in the Court of Claims for the condemnation of its property by the State of New York, the claimant caused a subpœna duces tecum to be served on the appellant Cross Properties, Inc. The Court of Claims has denied the subpœnaed corporation's motion to quash the subpœna without prejudice to its renewal. We are of opinion the motion was correctly decided.

On the issue of damage resulting to the claimant for taking its property by the State, the rental value of the land and of its improvements are significant factors. A two-story building had been erected on the land. A restaurant was conducted there at the time of the taking for which a rental was paid to the owner based on a fixed amount with additional rental depending on gross sales; another portion of the building was rented for a game business; and a portion of the land outside the building was rented to still another business at an annual rental.

Statutory relevancy is given proof of rental of similar property on the trial " of any claim for the appropriation of real property " by Court of Claims Act (§ 16, subd. 1). Evidence of " the rent reserved and other terms upon any lease, relating to * * * any other property in the vicinity thereof shall be relevant, material and competent, upon the issue of value or damage and shall be admissible on direct examination ". Admissibility is conditioned on a finding by the court, where such proof relates to property other than that taken, that such " other " property " is similar to the property taken ".

The appellant corporation upon which the subpœna duces tecum was served is directed to produce evidence in relation to leases in its shopping center property to 11 tenants. This proof includes the leases thus required to be produced themselves,

and books and records which would evidence the amount paid in rentals. Appellant argues that the subpœna duces tecum is an unreasonable invasion of its private affairs and requires disclosures that 'ought not be compelled in view of the fact it has no interest in this litigation.

But under prescribed statutory conditions the terms of leases between parties who are strangers to the claim against the State are expressly made material and relevant on the trial of the issue between claimant and State; and where the prescribed statutory conditions are found to have been met, the convenience of witnesses who will develop the proof thus made material and relevant must yield in the usual way to the requirements of public adjudication of controversy.

In this respect, the lessor, the lessees, and others in possession of competent knowledge or material evidence find themselves in the same inconvenient situation as people who may happen to witness an accident, a crime, a commercial transaction between other parties, or overhear a slanderous comment.

Their comfort and the time which ought properly to be devoted to their own affairs and the privacy of their own business must yield to the indispensable necessity of any functioning judicial system, the power to compel the production of material evidence and to get witnesses to come to court and to testify willingly or unwillingly.

That a man may by compulsion be able to bring in the proof he needs to get justice is an integral part of his right to justice; and, indeed, it is a constitutional concomitant of that right. (Cf. U. S. Const., 6th Amdt.)

Since the materiality of such other leases is expressly laid down by law under stated statutory conditions, where the statutory conditions are met, general language, addressed to quite different kinds of problems, of such decisions as *Carlisle* v. *Bennett* (243 App. Div. 186) has no significant relevancy to the question before us. (See, also, *Carlisle* v. *Bennett*, 268 N. Y. 212, revg. 243 App. Div. 655.)

In one portion of appellant's brief the argument seems to be advanced that the statutory condition that, to be relevant, the leases to " other " property must be "in the vicinity " of the property involved in the claim, has not been established in the record. It is stated in dealing with the testimony of three of the tenants, that " no attempt is made to show through these witnesses that the property of Cross Properties, Inc., is similar to that of the claimant—or, even, that it is ' in the vicinity.' " It is also stated that " It is questionable whether the evidence

shows that the property of the witness appellant is ' in the vicinity ' of the property taken although it is conceded that it is in the general area ''.

How the appellant distinguishes its term of concession '' general area '' from the statutory term '' in the vicinity '' is not demonstrated; and in answer to the factual development of distances and other criteria of physical proximity made in respondent's brief, the appellant in its reply brief notes merely that this argument has been pursued by respondent '' although Appellant has conceded   *   *   *   that the properties are in the same general area ''.

We are unable to divine from this equivocal presentation whether appellant takes the firm position that the properties are, or are not, in the same vicinity within the statutory language; but we conclude that enough has been shown to justify the Court of Claims in holding that this condition of the statute has been met.

The main thrust of appellant's argument is that the leases are not material because the properties are dissimilar.  That the tenants of appellant occupy shopping center property and the property of claimant was not part of a shopping center, is of course an element of dissimilarity.  But all the properties of appellant are retail stores paying minimum rentals with additional amounts of rental based on sales; all are one-story buildings and all are in the same vicinity as claimant's property.  There is, therefore, despite some differences, sufficient similarity for the Court of Claims to say prima facie that such property is '' similar '' to the property at issue.

The order should be affirmed, with $10 costs and disbursements.

FOSTER, P. J., COON, GIBSON and REYNOLDS, JJ., concur.

Order affirmed, with $10 costs.