THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* EUGENE WRIGHT, Appellant.

First Department, July 9, 1974.

*William E. Hellerstein* and *William J. Gallagher* (*Lawrence H. Sharf* of counsel), for appellant.

*Mario Merola, District Attorney* (*Robert M. Stone* of counsel), for respondent.

STEUER, J. Defendant and his brother were indicted for the crimes of robbery in the first and second degree, grand larceny in the third degree, assault in the first and second degrees and possession of a weapon. Defendant was convicted after trial and his brother was acquitted. The People's case in its essentials rested on the testimony of the complainant, a man of 66 years. He testified that on the evening of January 7, 1972, while walking home, he was set upon by two young men, beaten and robbed of $60. He made immediate complaint to the police, who took him in a car for a tour of the neighborhood. Some 20 minutes later the complainant recognized two young men standing in front of a building as his assailants, and they were thereupon arrested.

It was complainant's testimony that at the time of the attack he had recognized defendant as a person whom he had seen frequently in the neighborhood, but that he did not recognize his brother, as he had never seen him before. In exploring this contention defendant's counsel inquired as to the circumstances under which the witness had seen the defendant. The reply was that he had seen him on occasion in the company of his mother. When he was asked to describe the mother, the Assistant District Attorney objected, and testimony on this subject was ruled out. The curtailment of this cross-examination was error. In view of the fact that the identification of the brother was obviously deemed by the jury insufficient to remove all reasonable doubt, the basis on which defendant was identified should have been allowed to be explored.

It developed in the course of the trial that counsel for the defendants had interviewed the complaining witness. In order to utilize information obtained at the interview, counsel agreed to and did give their sworn testimony. In cross-examination they were asked if they advised the witness as to his *Miranda*

rights before questioning him. The court allowed the questions and, despite requests to charge, refused to instruct the jury that there was no impropriety in seeking the interview and there was no obligation to give the suggested warning. This undoubtedly created the impression it was intended to create, namely, that counsel did something that was improper or unfair. It could hardly fail to be prejudicial.

For these reasons we believe the interests of justice would best be served by submission of the case to a jury in a trial where these occurrences would not be repeated.

The judgment of conviction rendered September 25, 1972, in Bronx County, should be reversed on the facts and the law and in the interests of justice, and a new trial ordered.

MARKEWICH, J. P., KUPFERMAN, MURPHY and TILZER, JJ., concur.

Judgment, Supreme Court, Bronx County, rendered on September 25, 1972, unanimously reversed, on the law and on the facts and in the interests of justice, and a new trial directed.