■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIE FRED DOTSON, Also Known as WILLIE DODSON, Appellant.— Appeal by defendant from a judgment of the County Court, Suffolk County, rendered Novem-

ber 28, 1973, convicting him of grand larceny in the third degree and assault in the third degree, upon a jury verdict, and sentencing him to an indeterminate prison term not to exceed four years on the grand larceny count and a definite jail sentence of one year on the assault count, the sentences to run concurrently. Judgment modified, on the law and the facts, by reducing the grand larceny conviction to petit larceny and vacating the sentence thereon, and case remanded to the County Court, Suffolk County, for resentencing on the petit larceny conviction. As so modified, judgment affirmed. Defendant's conviction of grand larceny in the third degree was based on an indictment which charged, *inter alia*, that he had stolen property from the person of the complainant. However, at the trial, the complainant testified that defendant had taken about $2 from her purse. Her testimony does not establish that defendant took money from her "person" and it does not in any way satisfy the elements of the crime of grand larceny in the third degree (see Penal Law, § 155.30). However, the trial evidence was legally sufficient to establish the crime of petit larceny (Penal Law, § 155.25). Petit larceny is a lesser included offense of grand larceny (*People* v. *Molina*, 8 A D 2d 930). Therefore, under the authority of CPL 470.15 (subd. 2, par. [a]), which permits this court to modify a judgment if the trial evidence is only legally sufficient to establish a defendant's guilt of a lesser included offense, the judgment should be modified by reducing the conviction of grand larceny in the third degree to petit larceny. Hopkins, Acting P. J., Martuscello, Cohalan, Christ and Munder, JJ., concur.