■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEROY HAMLIN, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered December 18, 1975, convicting him of rape in the first degree, robbery in the first and second degrees and sexual abuse in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. In our opinion, the defendant-appellant was denied a fair trial by the persistent and improper efforts of the prosecutor to discredit the testimony of two of his alibi witnesses. We also believe, in connection with such prosecutorial conduct, that the trial court committed reversible error in allowing it to continue and then giving it credence in the charge to the jury. At the trial, the complaining witness testified that shortly after 7:00 P.M. on February 21, 1975, defendant accosted her while she was entering her car, robbed her, forced her to the ground, and then raped her. Four alibi witnesses, including defendant's brother, Billy Hamlin, and an acquaintance of defendant, Jimmy Burden, testified that at the time the alleged crime was committed, defendant was playing cards in the office of a junkyard. During the cross-examination of Billy Hamlin, the witness was asked whether he had refused to answer questions addressed to him by the prosecutor earlier in the witness room as to what had happened on February 21 1975. Although the trial court advised the jury that the witness was under no obligation to answer such questions, it overruled defense counsel's objection and permitted the prosecutor to continue. During the cross-examination of Jimmy Burden, the prosecutor questioned him extensively about his failure to respond to a subpoena to appear in the District Attorney's office relative to the case. The trial court also overruled an objection to this line of interrogation. The thrust of the prosecutor's argument on summation about Hamlin's and Burden's alibi testimony was that both of their stories

were fabrications because had they been true, both of them would have gone to the police or the District Attorney initially to protest defendant's innocence, rather than wait to be called by defendant or his attorney. Once again the trial court overruled defense counsel's objection. The court stated that while the witness was not required to give any answers in such a situation, the jurors might consider all of the circumstances and draw such conclusions as they thought were proper, subject to its admonition. We believe that such prosecutorial tactics were fundamentally unfair and prejudicial and should have been curtailed at their inception. The right of an accused to submit proof, by compulsion, if necessary, is constitutionally guaranteed, and an integral component of his right to justice (US Const, 6th Amdt; *787 Cent. Park Ave. v State of New York,* 5 AD2d 628). Thus, no stigma should be attached to the testimony of a witness on a crucial issue solely because it is rendered for one side rather than the other. Cross-examination and summation may not be based upon fictitious assumptions which only confuse the fact-finders and impede the search for the truth (cf. *Lowe v State of Indiana,* 260 Ind 610). The clear purport of the prosecutor's endeavors in this instance was to implant in the jurors' minds the baseless proposition that the testimony of the two alibi witnesses was unworthy of belief simply because they had co-operated with defendant and his attorney and did not divulge whatever information they possessed to law enforcement authorities beforehand. Such false suggestion of impropriety has no place in our system of jurisprudence and should not be tolerated (see *People v Wright,* 45 AD2d 287, 288-289). Furthermore, the trial court erred not only in allowing the prosecutor to continue the aforesaid questioning with respect to the alibi witnesses but also in charging the jurors that they might "consider all of the facts developed about the [alibi] witnesses and about what they did in response to subpoenas" (bracketed matter supplied). To our knowledge there is no statute conferring upon a prosecutor of this State the right to subpoena a citizen for the purpose of compelling him to visit the prosecutor's office for questioning about a pending investigation (cf. *People v Brown,* 72 Misc 2d 526, 527). Thus the jury had no justifiable reason to take into consideration the fact that an alibi witness did not obey a prosecutorial fiat which had no basis in law. Further, no inference should be drawn from a person not going to the police or a District Attorney upon learning that a defendant has been arrested for a crime committed at a time when that person can provide alibi testimony. He might reasonably presume that it was sufficient for him to relate his knowledge to the attorney retained or appointed to represent the accused (see *United States v Young,* 463 F2d 934). Had the evidence of guilt in this case been overwhelming and the actions of the prosecutor restricted to one or two occasions, we might have affirmed the judgment of conviction on the ground that defendant had not been substantially prejudiced (see *United States v Young, supra).* However, since the only eyewitness testimony adduced by the prosecution was that of the complaining witness, together with the facts that the prosecutor persisted in his unfair treatment of the alibi witnesses with the trial court's permission and that the defendant's attorney made timely objections, we reverse and order a new trial (cf. *People v Crimmins,* 36 NY2d 230). Latham, Shapiro and Titone, JJ., concur; Martuscello, J. P., dissents and votes to affirm the judgment, with the following memorandum: Pursuant to CPL 250.20, the People served a demand upon the defendant for a "notice of alibi". In response to this demand, and as required by CPL 250.20 (subd 1), the defendant filed with the court a "notice of alibi" reciting (a) the place or places where the defendant claims to have been at the time in question, and

(b) the names, the residential addresses, the places of employment and the addresses thereof of every such alibi witness upon whom he intends to rely." "The purpose of the statute was to prevent a defendant from obtaining acquittal of a crime of which he was guilty by calling a number of witnesses to testify to a false alibi with no prior opportunity afforded to the District Attorney to make any investigation of them or their story" *(People v Rakiec,* 289 NY 306, 308). The statute indicates a legislative recognition that an alibi can be easily fabricated and that the State must have an opportunity to protect itself from such a readily manufactured defense (see *Williams v Florida,* 399 US 78, 81). The notice of alibi stated that on the night in question defendant was in the office of a junkyard playing cards with four other persons. Two of them were Billy Hamlin, defendant's brother, and Jimmy Burden, a friend of defendant. As part of the District Attorney's efforts to investigate the alibi defense, he subpoenaed Burden, prior to the trial, to appear in his office relative to this case. Burden ignored the subpoena. On the day of the trial, the District Attorney approached Billy Hamlin outside of the witness room, but Hamlin refused to answer the District Attorney's questions. Although there is no statute which specifically authorizes the District Attorney to subpoena a witness for questioning prior to a trial, there is no statute which prohibits such action. Implicit in CPL 250.20 is the right of the prosecutor to question an alibi witness in order to permit a thorough investigation of an alibi defense. In *Williams v Florida (supra),* where the constitutionality of a Florida statute similar to CPL 250.20 was upheld, and a conviction affirmed, the defendant's alibi witness, Mary Scotty, was summoned to the office of the State Attorney where she gave pretrial testimony. At the trial, Mrs. Scotty was confronted with her earlier deposition which contradicted her trial testimony. In the instant case, the trial court permitted cross-examination of Burden regarding his failure to respond to the subpoena and cross-examination of Hamlin regarding his refusal to speak with the District Attorney. The trial court informed the jury that neither Burden nor Hamlin had any obligation to answer questions that the District Attorney may have asked. There was nothing prejudicial per se about the cross-examination of the two alibi witnesses. This case does not involve the questioning of or commenting upon a defendant's failure to speak (see *People v Christman,* 23 NY2d 429). Certainly the District Attorney could have impeached the testimony of Burden and Hamlin with any prior inconsistent statements they might have given (see *Williams v Florida, supra; People v Damon,* 24 NY2d 256, 261). The refusal of the two alibi witnesses to speak to the District Attorney is indicative of their bias, prejudice or hostility towards the complainant and friendliness towards the defendant. The bias, prejudice, hostility or friendliness of a witness is a proper subject for cross-examination *(Davis v Alaska,* 415 US 308; *Alford v United States,* 282 US 678; *People v McDowell,* 9 NY2d 12). To the extent that a defendant has a right to elicit facts of this nature, so does the prosecution (cf. *People v Damon, supra,* pp 261, 262). *United States v Young* (463 F2d 934), relied upon by the majority, does not support its position. In *Young* it was held improper for the prosecution to comment upon an alibi witness' failure to contact the police. The court noted, however, that the alibi witness had never been approached or interviewed by the police. The court stated that (p 938): "Ford was not interviewed by the police, and if, as he claimed, he did not know that appellant was charged with shooting Jefferson until he visited him in jail, he would not have had any reason to go to the police previously. Nor is there any reasonable inference from Ford's failure to contact the police

after he learned of the charge against appellant. When a person is approached by the police for questioning, our cases have 'commented on the duty of every person to cooperate with police and to respond unless a Fifth Amendment claim is involved.' *Coates v. United States,* 134 U.S. App. D.C. 97, 100, 413 F. 2d 371, 374 (1969); see also, *Hicks v. United States,* 127 U.S. App. D. C. 209, 212, 382 F. 2d 158, 161 (1967)." Even if one were to conclude, as the majority does, that the cross-examination of Burden and Hamlin was error, such error was not prejudicial (see *People v Crimmins,* 36 NY2d 230). The testimony of the complainant was extremely convincing. She unequivocally identified the defendant as her assailant and the absoluteness of her identification was not shaken on cross-examination. The alibi witnesses, on the other hand, all friends or relatives of the defendant, were not only unconvincing but, because of their relationship with the defendant, their testimony was suspect.