■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT YY, Appellant.—Appeal from a judgment of the County Court of Schenectady County, rendered December 8, 1976, which adjudged defendant a youthful offender. At about 3:30 P.M. on the afternoon of July 1, 1976, the defendant, then age 17, was in Vale Cemetery, Schenectady, New York, sniffing glue. In his possession was a 12-gauge sawed-off shotgun. The complainant, one

Robert Madaghiele, lived nearby and was taking a shortcut through the cemetery on his way home when he was accosted by the defendant who, according to the complainant, was pointing the shotgun at him. He was directed to walk toward the defendant who alternately stood up and sat down on a headstone and occasionally threw the shotgun to the ground at his feet and then picked it up. After some conversation, the defendant relieved the complainant of $5 and told him to leave. The defendant's version was somewhat different. He admitted receiving $5 from the complainant, but insisted it was handed to him as a loan. Furthermore, he contended that the shotgun was not aimed at the complainant and played no part in the incident. Apprehended by the police shortly thereafter with the shotgun, defendant was indicted in three separate counts for the crimes of robbery in the second degree, grand larceny in the third degree, and criminal possession of a weapon in the fourth degree. He was tried and acquitted of the robbery charge, but was convicted of the larceny and weapon accusations. On this appeal, defendant argues that inasmuch as he was acquitted of the robbery charge the jury obviously rejected the complainant's account concerning the use of the shotgun and, therefore, the larceny conviction must be set aside since no reasonable view of the evidence would support a charge of larceny from the person unaccompanied by force. We agree. The second count of the indictment charging grand larceny in the third degree specified a taking from the person of the complainant (Penal Law, § 155.30, subd 5). While it is conceivable that the evidence in this record would support a conviction for larceny by extortion, i.e. through intimidation (Penal Law, § 155.30, subd 6; § 155.05, subd 2, par [e]), it was not alleged in the indictment as mandated by statute (Penal Law, § 155.45, subd 2). Consequently, the larceny count, as pleaded, was inconsistent with the robbery charge (CPL 300.30, subd 5). While both might have been submitted to a jury in the alternative in an appropriate case (CPL 300.40, subd 5), here there was no proof that any property was taken from the complainant's person except by the threatened use of force. In other words, since even the complainant agreed that he had handed the $5 bill to the defendant, a guilty verdict on the particular larceny accusation would not be supported by legally sufficient trial evidence under the facts presented and it should have been dismissed. Judgment modified, on the law and the facts, by reversing so much thereof as found defendant to be a youthful offender based upon his conviction of grand larceny, third degree, and imposed sentence thereon, and, as so modified, affirmed. Koreman, P. J., Greenblott, Sweeney, Kane and Mahoney, JJ., concur.