■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES MIMS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered February 21, 1975, convicting him of felony murder, two counts of robbery in the first degree, two counts of attempted robbery in the first degree, etc., as a misdemeanor, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. We reverse the judgment and order a new trial for the following reasons: FIRST: The prosecutor elicited and made extensive capital of the fact that defendant-appellant's alibi witness had not reported to the police or the District Attorney the fact that appellant allegedly had been with him during the time of the crime. Under the facts of this case this was reversible error (see *People v Hamlin,* 58 AD2d 631). SECOND: The prosecutor's summation included what amounted to a highly improper inflammatory call for revenge (see *People v Lombardi,* 20 NY2d 266). THIRD: The trial court charged the jury not to draw any unfavorable inferences from appellant's failure to take the stand notwithstanding the absence of a request from appellant to so charge, in direct contravention of CPL 300.10 (subd 2). Counsel excepted to this charge. (Cf. *People v Mulligan,* 40 AD2d 165; *People v Vereen,* 57 AD2d 768.) In a case where the guilt of the defendant was proven overwhelmingly, we might have found that these errors did not require reversal of the judgment. However, in the instant case, there was a very close question as to the sufficiency of the proof on the issue of the identification of appellant as the perpetrator of the crime. Under all of the circumstances herein, and in the interest of justice, a new trial is required. Damiani, J. P., and Shapiro, J., concur; O'Connor, J., concurs in the result, with the following memorandum, in which Mollen, J., concurs: I concur with the reasons for reversal set forth above, except insofar as the reversal is predicted upon the prosecutor's references to the alibi witness' failure to communicate with the police or prosecutor. In that regard, I concur solely upon the constraint of *People v Hamlin* (58 AD2d 631).