(November 10, 1977)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER

MILANO, Appellant.—Judgment, Supreme Court, Bronx County, rendered on January 26, 1976, convicting defendant, after a jury trial, of burglary in the second degree, unanimously reversed, on the law, and a new trial directed. In our opinion the defendant was denied a fair trial by the prosecutor's improper cross-examination of an alibi witness and, in particular, by his persistent improper efforts to discredit such witness, the clear purport of which was to implant in the jurors' minds the proposition that the witness was unworthy of belief because he had failed to promptly divulge the subject matter of his alibi testimony to the appropriate law enforcement authorities. The defendant's father, who had been a police officer, testified as an alibi witness for his son. The prosecutor, on cross-examination of this witness, inquired into his reactions to prior arrests of his son and then, over objections which were sustained by the court, he attempted to suggest that, had the witness revealed his son's alibi at the time of the arrest, the charges against defendant would have been dropped. As indicated, the court sustained objections to this line of questioning. We find, at page 254 of the trial minutes, the following: "MR. SCHOFIELD: Objection. Judge I ask for a ruling that he stop this line of questioning. PROSECUTOR: How could I stop when I don't think there is anything wrong with it in the first place. THE COURT: Try to figure it out. PROSECUTOR: I tried and I cant. THE COURT: Then suspect [sic] your examination and we will go on to the next witness. PROSECUTOR: I will go to the next question. THE COURT: You want to play this game. You stand there and put questions. You will see who will get tired first. Your putting questions or my sustaining objections." The only inference the jury could draw from such tactics was that the defendant was guilty because his father had failed to immediately disclose the alibi, especially when the prosecutor emphasized this theme in his summation to the jury. In *People v Hamlin* (58 AD2d 631, 632), the court stated: "no inference should be drawn from a person not going to the police or a District Attorney upon learning that a defendant has been arrested for a crime committed at a time when that person can provide alibi testimony." Again, in *People v Mims* (59 AD2d 769), it was stated: "The prosecutor elicited and made extensive capital of the fact that defendant-appellant's alibi witness had not reported to the police or the District Attorney the fact that appellant allegedly had been with him during the time of the crime. Under the facts of this case this was reversible error." In addition, we are of the opinion that it was improper to admit testimony of the witness, Kevin Santry, if for no other reason than the incident to which he testified was the basis of a prior trial of the defendant and resulted in his acquittal. Therefore, it was most prejudicial to defendant to admit this evidence at a trial of an indictment which had no connection whatever with the earlier charge. Concur—Murphy, P. J., Kupferman, Silverman and Capozzoli, JJ.