■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL McDOWELL and CHARLES DUNLEAVY, Appellants.—Appeal by defendants from two judgments of the Supreme Court, Queens County (one as to each of them), both rendered January 27, 1977, convicting them of assault in the second degree, resisting arrest and obstructing governmental administra-

tion, upon a jury verdict, and imposing sentence. Judgments affirmed and case remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (subd 5). Although we are compelled, due to the overwhelming proof of guilt against both defendants, to affirm the judgments, it is necessary for us to comment on a stratagem of the prosecutor which we believe was unfair. The defense presented only one witness, defendant McDowell. On cross-examination the prosecutor asked him several questions which required the witness to say whether a particular witness for the People had been lying or telling the truth. When defense counsel objected on the ground that the prosecutor was making improper factual assumptions in the questions, the court overruled the objections and stated that the jury's recollection of the testimony would prevail. As we recently said in *People v Hamlin* (58 AD2d 631, 632): "We believe that such prosecutorial tactics were fundamentally unfair and prejudicial and should have been curtailed at their inception. The right of an accused to submit proof, by compulsion, if necessary, is constitutionally guaranteed, and an integral component of his right to justice (US Const, 6th Amdt; *787 Cent. Park Ave. v State of New York,* 5 AD2d 628). Thus, no stigma should be attached to the testimony of a witness on a crucial issue solely because it is rendered for one side rather than the other. Cross-examination and summation may not be based upon fictitious assumptions which only confuse the fact-finders and impede the search for the truth (cf. *Lowe v State of Indiana,* 260 Ind 610)." However, unlike the *Hamlin* case, there was overwhelming proof of guilt here and thus, although the prosecutor's tactic was unfair, it was not so prejudicial as to have affected the verdict. Gulotta, P. J., Hopkins, Latham and Cohalan, JJ., concur.