■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES LINDSAY, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered May 7, 1975 (the date on the clerk's extract is July 15, 1975), convicting him of robbery in the first degree, robbery in the second degree (two counts), grand larceny in the third degree and assault in the second degree (two counts), upon a jury verdict, and imposing sentence. Judgment reversed, as a matter of discretion in the interest of justice, and new trial ordered. The prosecutor elicited, and emphasized on summation, the fact that the sole defense witness had not reported to the police the fact that appellant allegedly had not been at the scene of the crime on the night in question. Such conduct has been held to be error and has been strongly condemned (see People v Mims, 59 AD2d 769; People v Hamlin, 58 AD2d 631). That fact was utilized by the prosecutor as a springboard for his improper accusation that the defense witness was a liar (see People v Burnside, 52 AD2d 626). At the close of his summation, he stated: "I will leave you with one parting shot: Why would an innocent man put a liar on the stand on his own behalf?" The sufficiency of proof on the issue of the identification of the appellant as the perpetrator of the crime was a close question, as it was in People v Mims (supra). Since the evidence of guilt was not overwhelming, these errors require reversal. Shapiro, J. P., Cohalan, Margett and Hawkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FLOYD MARKIN, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered January 19, 1976, convicting him of criminal possession of a forged instrument in the first degree (three counts), grand larceny in the third degree (two counts), and attempted grand larceny in the third degree, upon a jury verdict, and imposing sentence. Judgment modified, on the law and the facts, by reducing the convictions of grand larceny in the third degree (two counts) and attempted grand larceny in the third degree to convictions of petit larceny (two counts) and attempted petit larceny, respectively. As so modified, judgment affirmed, and case remanded to Criminal Term for resentence as to the larceny convictions. There was no proof that defendant deprived his victims of their property by a taking from their persons, as required by subdivision 5 of section 155.30 of the Penal Law. Martuscello, J. P., Titone, Gulotta and Hawkins, JJ., concur.