■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN COX, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Westchester County, rendered June 20, 1977, convicting him, under consolidated indictments, of criminal sale of a controlled substance in the fifth degree, criminal facilitation in the second degree and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. The facts have been considered and are determined to have been established. The prosecution's sole witness who testified to the alleged criminal events was an undercover police officer. His testimony as to the first sale of marihuana was controverted in certain essential details by two defense witnesses. Thus, the issue of credibility was paramount. Therefore, when the prosecutor was permitted, over objection, to cross-examine the two defense witnesses about their failure, before trial, to convey to law enforcement officials their belief in the defendant's innocence, the prosecution gained an advantage to which it was not entitled (cf. *People v Hamlin,* 58 AD2d 631). The witnesses had no obligation to contact the police; to imply several times that because they had not, their version of the events was not credible, denied defendant a fair trial. We agree with defendant that an indirect consequence of the improper cross-examination of the defense witnesses as to the first sale was an enhancement of the undercover officer's testimony about the events concerning the second sale. Latham, J. P., Cohalan and Margett, JJ., concur; O'Connor, J., concurs in the result solely upon the constraint of the holding in *People v Hamlin* (58 AD2d 631).