■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES DALE, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Richmond County, rendered November 16, 1977, convicting him of assault in the second degree and criminal possession of a weapon in the fourth degree, after a nonjury trial, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. The court made it clear, after a nonjury trial, that it

was finding defendant guilty because the young boy who testified that he was the one who did the "cutting" should not be believed since, "He never admitted it to anybody. He never told it to anybody. He never told it to the detective when he was arrested. He never told it to the sergeant at Marine & Aviation, when he arrested him. He never told it to the Family Court." The reasoning behind the court's determination violated our ruling in *People v Hamlin* (58 AD2d 631) that no stigma is to be ascribed to an exculpatory witness simply because he had co-operated with the defense and did not divulge beforehand to law enforcement authorities the information he possessed. Hopkins, J. P., and Shapiro, J., concur; Martuscello and Gulotta, JJ., concur on constraint of *People v Hamlin* (58 AD2d 631).