■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS BURGOS, Appellant.—Judgment, Supreme Court, Bronx County, rendered on October 5, 1976, affirmed on constraint of *People v Brown* (62 AD2d 715). Concur—Kupferman, J. P. and Markewich, J.; Bloom, J., concurs and Fein, J., dissents in the following separate memoranda.

Bloom, J. (concurring). It is clear that the extended examination of defendant's alibi witness on the question of whether or when they came forward to disclose the facts constituting the alibi to the police or to the District Attorney had some bearing on the credibility of those witnesses. Nevertheless, in the circumstances of this case, it was improper to permit such examination, and comment thereon in summation by the prosecutor *(People v Milano,* 59 AD2d 852; *People v Hamlin,* 58 AD2d 631; *People v Mims,* 59 AD2d 769; *People v Smoot,* 59 AD2d 898). However, in light of the overwhelming evidence of defendant's guilt, such error was harmless beyond a reasonable doubt *(People v Crimmins,* 36 NY2d 230). Accordingly, I concur for affirmance. However, the increasing frequency with which the issue is presented to us requires that the circumstances under which such evidence is admissible be codified. I would permit introduction thereof only if the trial court, at the time such proof is offered, charges the jury that (1) the witness is under no duty to disclose any evidence of the alibi defense, either to the police or to the District Attorney *(People v Brown,* 62 AD2d 715; *People v Maschi,* 65 AD2d 405, 411), and that no inference as to guilt or innocence may be drawn by the jury from the failure to disclose and (2) the evidence may be considered by them only in connection with the credibility of the witness. If the prosecution utilizes the failure to disclose in summation, the admonition by the trial court should be repeated in the main charge. Of course, this has no application to a defendant. As to him, cross-examination about postarrest silence is violative of his Fifth Amendment rights *(Doyle v Ohio,* 426 US 610; *People v Smoot, supra),* unless he introduces the issue.

Fein, J. (dissenting). The majority in affirming relies on *People v Brown* (62 AD2d 715), which affirmed a conviction despite the cross-examination of the alibi witnesses as to whether and when they disclosed to the District Attorney or the police the facts constituting the alibi. However, in *Brown,* as the court noted, distinguishing *People v Milano* (59 AD2d 852), there was no objection to the cross-examination. In our case, as in *Milano,* there was objection. (See *People v Maschi,* 65 AD2d 405; *People v Smoot,* 59 AD2d 898; *People v Hamlin,* 58 AD2d 631.) In this case defendant's wife testified that defendant was at home at the time of the murder, attending his child's birthday party. The cross-examination follows, referable to the day of defendant's arraignment: Q. "Did you tell anybody else on that day or that week about the fact that the date that Mr. Burgos was allegedly accused of a murder and the time that he was accused for committing this alleged crime was the same date and time that you were all present at this birthday party? Did you tell anybody else on that particular week in the middle of November besides Leonardo Rios? A. I don't recall. Q. Do you recall whether you told it to any District Attorney who was present? A. No, I didn't speak to no district attorney. Q. Do you recall whether you told it to any other police officers who were present? A. No. MR. COHEN: I would object to this whole line. THE COURT: Objection overruled. MR. COHEN: No obligation—THE

COURT: Proper cross-examination. Q. Did Mr. Burgos have an attorney at that time? A. Mr. Cohen, when he came. Q. Was Mr. Cohen there that week? A. Yes. Q. Did you tell Mr. Cohen about the fact that—well, did you tell Mr. Cohen the same thing you discussed with Leonardo Rios? A. Yes. Q. You told him that week? A. Yes. Q. And, did you tell anybody else that week about the same thing you had discussed with Leonardo Rios and Mr. Cohen? A. No, I don't think so. Q. Now, outside of Leonardo Rios and Mr. Cohen, did you ever discuss the time or any other aspect of this case with anybody? A. No. Q. Well, you recall being with me yesterday afternoon, did you not? A. Yes. Q. And, who else was present at that time? A. Mr. Cohen. Q. And, you discussed the date with me at that time, didn't you, yesterday afternoon? A. Yes. Q. And, that was in my office, right? A. Yes. Q. Prior to yesterday afternoon with Mr. Cohen, did you ever tell any district attorney or other law enforcement personnel about the fact that Carlos was home on the night of October 15th from 11:30 or so up until the morning of October 16 when he went to bed? A. No. MR. COHEN: Your Honor, I would object to that. She has no duty to do that. THE COURT: Objection overruled." Plainly the questions implied a duty to disclose the alibi to the prosecution. As *Brown* (62 AD2d 715, 720 *supra)*, relied on by the majority, states: "there is no duty on the part of an alibi witness to report information as to the alibi to the police". The cross-examination of the defendant's half brother repeated the pattern as follows: Q. "Now, prior to yesterday afternoon, before yesterday afternoon when you spoke to me, did you at any time ever contact any law enforcement personnel whatsoever and by that I mean police officers, district attorney office, anybody with either of those branches? A. No, sir. Q. Yesterday was the first time you spoke with anyone from the District Attorney's Office? A. Yes." That the purpose of such cross-examination was to suggest to the jury that there was a duty of the alibi witnesses to report their alibi to the police or the District Attorney is manifest from the summation by the District Attorney, as follows: "Firstly, you will recall that the testimony of each of the alibi witnesses indicated that at no time did they ever speak to any law enforcement personnel until they spoke with me in the middle of this trial in the presence of their attorney. And, Irma Vasquez told us that she never discussed this case ever with anyone during this entire year up until the trial not even with Mrs. Burgos. But, she did acknowledge that she came to court with Mrs. Burgos for some proceedings on June 1 or June 2 or thereabouts." The clear import was to suggest to the jury that the testimony was a fabrication because of the breach of an alleged duty to make a disclosure to the police or the District Attorney. The prejudicial nature of this cross-examination and the summation becomes even more apparent in the light of the court's ruling sustaining the prosecution's objection when the attorney for the defendant on redirect asked the witness, "Do you recall me telling you not to talk about this case with anybody?" The witness had testified on cross by the District Attorney that she had told defendant's attorney about the events constituting the alibi during the week in which defendant was arraigned. When defendant's attorney subsequently made an offer of proof that he was prepared to testify that in accordance with his usual practice he had instructed the defendant and the alibi witnesses not to talk to anyone except through him, the court made clear that such testimony would not be admissible on the ground it was incompetent and irrelevant. The court likewise refused to instruct the jury that there was no duty on the part of the alibi witnesses to tell their story to the District Attorney or the police. Defendant was denied a fair trial because the cross-examination and summation improperly inferred

that the testimony of the alibi witnesses was a recent fabrication because of their failure to perform their duty to disclose their alibi to the District Attorney and the police. The vice was compounded by the court's refusal to permit the defendant to demonstrate that the failure to disclose was based upon advice by defendant's attorney which he had a right to give and by the failure of the court to charge the jury that the alibi witnesses had no duty to make such disclosure. (People v Clark, 64 AD2d 669.) Accordingly, the judgment, Supreme Court, New York County, rendered October 5, 1976, should be reversed, on the law, and the case remanded for a new trial.