■     THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SILVIO NOLASCO, Appellant.—Judgment, Supreme Court, New York County, rendered July 16, 1976, convicting defendant, after a jury trial, of two counts of robbery in the first degree, reversed, on the law, and case remanded for a new trial. A defendant's silence at the time of his arrest may not be used against him in subsequent judicial proceedings to impeach his credibility. To

hold otherwise would be to penalize a defendant for exercising his constitutional privilege to remain silent while under custodial interrogation *(People v Conyers,* 65 AD2d 437, 440). Thus, a defendant has no obligation, after his arrest, to tell the prosecution or the police that he has an alibi. Likewise, an alibi witness has no affirmative duty to inform those authorities before trial of the details surrounding an alibi defense. *(People v Smoot,* 59 AD2d 898; *People v Milano,* 59 AD2d 852.) In this proceeding, prejudicial error was committed when the court permitted the prosecutor to cross-examine the defendant about his failure to inform the arresting officer of his alibi defense. This basic error was perpetuated when the court allowed the prosecutor to discredit the two alibi witnesses by asking them a line of questions that showed that, in the pretrial stage, they had not informed the authorities of the alibi defense. The foregoing errors were further compounded when the prosecutor commented upon them in his summation *(People v Hamlin,* 58 AD2d 631). Since these errors of constitutional dimension were not harmless beyond a reasonable doubt, a new trial must be ordered. *(People v Crimmins,* 36 NY2d 230, 237; *People v Conyers, supra,* p 441.) Concur—Murphy, P. J., Lane, Markewich and Lynch, JJ.

Kupferman, J., concurs in a memorandum as follows: I concur in the result solely on the basis of the right to the exercise by the defendant of his constitutional privilege to remain silent at the time of his arrest. *(Doyle v Ohio,* 426 US 610.)