■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY MOORE, Appellant.—Judgment of the County Court, Westchester County, rendered May 17, 1978, affirmed. We note that no objection was made to the summations and no motion was made with respect to the record (see *People v Glass,* 43 NY2d 283). Hopkins, J. P., Titone, Gulotta and Cohalan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VANESSA OLIVER, Also Known as VIKI OLIVER, Appellant.—Appeal by defendant from a judgment of the County Court, Dutchess County, rendered May 7, 1975, convicting her of criminal sale of a controlled substance in the third degree, upon a jury verdict, and sentencing her to a prison term of from two years to life. Judgment affirmed, without prejudice to an application to the County Court, Dutchess County, for a reduction of the sentence in accordance with section 60.09 of the Penal Law (see *People v Rivera,* 72 AD2d 610). We have considered the other points raised by the defendant and have found them to be without merit. Hopkins, J. P., Titone, Gulotta and Cohalan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERICK THOMAS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered March 4, 1975, convicting him of robbery in the second degree and petit larceny, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. On cross-examination, the prosecutor improperly elicited from the three alibi witnesses' the fact that they had not brought their knowledge of defendant's whereabouts on the date of the crime to the attention of either the police or the District Attorney (see *People v Hamlin,* 58 AD2d 631). Inasmuch as the evidence of guilt was not overwhelming, we cannot say that defendant was not substantially prejudiced by the error (see *People v Hamlin, supra).* There was considerable testimony at the trial concerning the fact that the infant daughter of defendant and Deborah Nixon had died on the day prior to the commission of the robbery. Although the prosecutor may legitimately have been concerned that the jury would acquit the defendant out of sympathy, such concern cannot serve to excuse his comment in summation which could only have been intended to suggest to the jury that defendant was undeserving of sympathy, because he and Nixon may have been responsible for the death of the child. Defense objection to this comment should have been sustained, and the comment stricken from the record. We note that the prosecutor exhibited a lack of good faith in questioning the second and third alibi witnesses as to whether they had taken steps to determine if the "other two men" alleged to have been involved in this robbery had been apprehended, after the court had sustained defense objection to an identical question asked of the first alibi witness. Rabin, J. P., Cohalan, Margett and Gibbons, JJ., concur.