THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD JONES, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered July 21, 1977, convicting him of sodomy in the first degree and unlawful imprisonment in the first degree, after a nonjury trial and imposing sentence. Judgment affirmed. Although upon cross-examining two of defendant's alibi witnesses the prosecution did elicit the fact that they had failed to inform either the police or the District Attorney that they had seen defendant on the night of the crime, the questioning on this subject was not extensive. In addition, defense counsel interposed only one objection, and inasmuch as he had not objected to the same question asked of a previous alibi witness, it is not clear that the objection was addressed to the prosecutor's attempt to elicit the witness' failure to contact law enforcement authorities. Under these circumstances, we find that this case is distinguishable from *People v Hamlin* (58 AD2d 631). We note further that since this was a nonjury trial, there was no danger that the prosecutor would "implant in the jurors' minds the baseless proposition that the testimony of the two alibi witnesses was unworthy of belief simply because they had co-operated with defendant and his attorney and did not divulge whatever information they possessed to law enforcement authorities beforehand" (see *People v Hamlin, supra,* p 632). We have on one prior occasion found that *Hamlin* error necessitated reversal of a judgment of conviction rendered after a nonjury trial (see *People v Dale,* 65 AD2d 625). However, in that case the trial court specifically stated it was finding the defendant guilty because it disbelieved an exculpatory witness because of his failure to disclose his knowledge either to the police or in a previous court appearance. In this case, the record contains no suggestion

that the court discredited the testimony of the alibi witnesses on such an impermissible ground, and we decline to assume that a court would be swayed as easily as a jury by testimony concerning an alibi witness' previous failure to come forward. We have considered defendant's other arguments and find them to be without merit. Mollen, P. J., Damiani, Mangano and Martuscello, JJ., concur.