■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELBA NUNEZ, Appellant.—Judgment, Supreme Court, Bronx County, rendered April 20, 1979, upon a jury verdict convicting defendant of assault in the second degree and sentencing her to a one-year term of imprisonment, reversed, on the law, and the case remanded for a new trial. Study of the record herein discloses this case to be one of credibility and that prosecutorial misconduct served to deprive defendant of a fair trial free of prejudicial irrelevancies and improprieties. First, as to the People's cross-examination of defense witness Julia Sanchez, the tenor of the cross-examination was such as to clearly and improperly imply that the witness had a duty to come forward and to report exculpatory information to the police or to the District Attorney (see People v Nolasco, 70 AD2d 549; People v Colarco, 68 AD2d 430; People v Brown, 62 AD2d 715; People v Milano, 59 AD2d 852). An alibi witness, or witness giving an exculpatory account of the facts, may be cross-examined with a view to pointing up the improbability of the witness' testimony and may be cross-examined as to when and to whom the witness first disclosed the facts—such circumstances obviously bear on the

credibility of the witness' testimony. "Of course such cross-examination like any examination may in a particular case exceed the bounds of propriety. Thus it is improper to conduct the examination in such a way as to suggest to the jury that there is some *duty* on the part of an alibi witness to come forward and report to the prosecution rather than the defense" *(People v Colarco, supra,* pp 431-432). In this case, the cross-examination of the witness Sanchez exceeded the bounds of propriety in this regard. Indeed, at one point the repeated utterance of this line of improper inquiry by the prosecutor, despite objection by defense counsel which was almost uniformly sustained by the trial court, prompted the latter at one point to state: "The witness has no obligation to speak out, no legal obligation." Also, the cross-examination was calculated to unfairly create a distinct implication that this witness was lying. This was accomplished by comments of the prosecutor unnecessarily reminding the witness that she was under oath and of the penalties of perjury and by express declaration (in the form of a question) on the prosecutor's part at the conclusion of this cross-examination that the witness was told by defendant to come to court and "lie." The cross-examination of the defendant was similarly imbued with unfair irrelevancies and improprieties. Brought out were the facts that defendant was arrested at a social club where narcotics were found, and the prosecutor, with no apparent good faith basis, accused her of *selling* narcotics. Defendant was also cross-examined about her failure to come forward and protest her innocence prior to arrest and her failure, at arrest, to tell the detective about her innocence and about witnesses. Patently, a defendant as a general proposition may not be cross-examined about postarrest silence, unless the defendant has some special status requiring him to speak (see *People v Rothschild,* 35 NY2d 355). These errors were exacerbated by statements in the People's summation to the effect that the defendant and her witnesses never came forward to report her innocence, and that the defense was a "lie," "made up"; "cooked up." Further, there was a veiled suggestion that the defense was obligated to call witnesses, while the prosecutor was under no such duty. Finally, there was improper comment on the dress and physical characteristics of the defendant at trial. These errors may, it is assumed, be traced to the zeal of the prosecutor. However, in channeling such zeal, a prosecutor must be mindful not only of his duty to the People, but also of his duty to the defendant in insuring an untrammeled fair trial. When such zeal results in overstepping the bounds of fair and proper cross-examination and summation, it raises the spectre of lack of good faith and serves to undermine justice. Concur—Sandler, J. P., Sullivan, Lupiano Silverman, and Carro, JJ.