■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT J. DAVIS, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him, following a jury trial, of six counts of robbery in the first degree (Penal Law § 160.15 [3], [4]), two counts of

burglary in the first degree (Penal Law § 140.30 [3], [4]), and one count of grand larceny in the second degree (Penal Law § 155.35). The convictions arise out of defendant's participation in a break-in of a Town of Irondequoit residence on the evening of January 6, 1982. Defendant with two accomplices entered the residence, terrorized a woman and her two teen-aged children, ransacked the house and stole a safe containing $310,000 in cash. Following the robbery defendant admitted his complicity in the robbery to several individuals, three of whom testified for the prosecution. At trial, one of the witnesses, who boarded at the defendant's house, "waffled" from his prior Grand Jury testimony as to defendant's admissions of direct involvement in the crime and attempted to characterize the conversations as joking. Over objection, the prosecutor was allowed to impeach this witness with his prior Grand Jury testimony.

Defendant claims that impeachment of the prosecutor's own witness fell outside the bounds of CPL 60.35 (1). At trial the witness' claim that the defendant did not directly implicate himself in the robbery but rather had merely "indirectly" and "jokingly" discussed with him "street-talk" about his "supposed" complicity in the crime was clearly inconsistent with his prior sworn Grand Jury testimony as to defendant's admissions of involvement. This contradictory testimony tended to disprove the position of the prosecution, which sought to prove defendant's guilt by means of his damaging admissions. Such testimony did not evince a neutral failure of memory, but rather constituted "affirmatively damaging" evidence tending to disprove that defendant made the incriminating admissions relied upon by the prosecution as circumstantially establishing that defendant committed these crimes. Where a party has had no forewarning that his witness would testify in an inconsistent manner upon a material issue of the case which tends to disprove the position of such party, the statute permits impeachment of such witness with a prior inconsistent written or sworn statement (CPL 60.35 [1]; *People v Fitzpatrick*, 40 NY2d 44, 51-52; *People v Winchell*, 98 AD2d 838, 841). Such evidence concerning a prior contradictory statement "may be received only for the purpose of impeaching the credibility of the witness with respect to his testimony upon the subject, and does not constitute evidence in chief" (CPL 60.35 [2]). The statute requires that "[u]pon receiving such evidence", the court must instruct the jury that the witness' former testimony could be considered only on the issue of credibility and not as evidence-in-chief (CPL 60.35 [2]).

Although the court here did not immediately instruct the jury, the jury was fully and properly instructed prior to the case being submitted to the jury. Since no request was made for an immediate instruction, we find no error warranting reversal (*see, People v Fuller,* 50 NY2d 628, 638).

The record does disclose several instances of prosecutorial misconduct which, with one exception, defendant failed to preserve for appellate review (CPL 470.05). We have consistently condemned prosecutorial cross-examination, such as took place here, which compels the defendant to state that other witnesses lied in their testimony (*People v Montgomery,* 103 AD2d 622). Likewise, we do not condone the prosecutor's implicit threats to prosecute a witness for perjury (*see, People v Nunez,* 74 AD2d 805, 806). Nor is it permissible for the prosecutor to suggest that defendant's testimony was a fabrication concocted by him in consultation with his attorney (*see, People v Galloway,* 54 NY2d 396, 399; *People v Mott,* 94 AD2d 415, 417). Although certain of the prosecutor's comments and questions were improper or objectionable, on the quality and quantum of proof we do not conclude that defendant was deprived of a fair trial (*see, People v Galloway, supra; People v Mott, supra*). In view of the overwhelming evidence of guilt, there is no likelihood that a new trial would produce a different result and any errors committed are deemed to be harmless (*People v Crimmins,* 36 NY2d 230, 242).

We do not find the sentence imposed to be unduly harsh and excessive under the circumstance of this case. (Appeal from judgment of Supreme Court, Monroe County, Boehm, J.—robbery, first degree, and other offenses.) Present—Dillon, P. J., Callahan, Boomer, Green and Schnepp, JJ.