■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RYAN WASHINGTON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kramer, J.), rendered June 8, 1988, convicting him of grand larceny in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reducing the conviction of grand larceny in the fourth degree to petit larceny, and the matter is remitted to the Supreme Court, Kings County, for resentencing.

On April 29, 1987, the complainant went to buy cocaine in a building where he had bought it before. As he entered the building, he was followed by the defendant from whom he had previously bought cocaine. Once inside the building, the complainant voluntarily gave $20 to the defendant with the expectation of receiving two "dimes" of cocaine in return. However, instead of giving the complainant the cocaine, the defendant told him that he had been "taxed", a street term meaning that he had been tricked, and the money would not be returned. After saying that, the defendant put his hand in his jacket pocket and told the complainant to leave. The complainant testified that he thought that there might have been a weapon in the defendant's pocket, but that he never saw one. Later, the complainant returned to the building with the police and the defendant was arrested and charged with robbery in the third degree and grand larceny in the fourth degree. Following a trial by jury, the defendant was acquitted of the robbery charge but was convicted of grand larceny in the fourth degree. He now appeals.

Penal Law § 155.30 (5) provides in pertinent part that "[a] person is guilty of grand larceny in the fourth degree when he steals property and when * * * [t]he property, regardless of its nature and value, is *taken from the person of another"* (emphasis supplied). When the complainant voluntarily handed $20 to the defendant hoping to receive two "dimes" of cocaine in return, the defendant's acceptance of the money did not constitute a "taking from the person" within the meaning of Penal Law § 155.30 (5) *(see, People v Robert YY,* 58 AD2d 920, 921 [there was no taking from the person where the victim admitted to handing money to the defendant]).

Where there is insufficient evidence to establish the defendant's guilt of the crime of which he has been convicted, this court has the authority to modify the judgment of conviction by reducing it to a conviction for a lesser included offense for which there is legally sufficient evidence (CPL 470.15 [2] [a]; *People v Ingram,* 143 AD2d 448, 450; *People v Dotson,* 46 AD2d 690, 691). Therefore, the defendant's conviction of grand larceny in the fourth degree is reduced to petit larceny *(see, People v Markin,* 61 AD2d 992; *People v Dotson, supra,* at 691) and the matter is remitted to the Supreme Court, Kings County, for resentencing (CPL 460.50 [5]).

In light of our determination we need not address the defendant's remaining contentions. Mollen, P. J., Brown, Rubin and Sullivan, JJ., concur.