■ The People of the State of New York, Respondent, v Herman Gonzalez, Appellant.—Judgment, Supreme Court, New York County (Edward McLaughlin, J.), rendered January 18, 1989, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the first degree (Penal Law § 220.43) and two counts of criminal possession of a controlled substance in the first degree (Penal Law § 220.21 [1]) and sentencing him to concurrent indeterminate terms of imprisonment of from 20 years to life, unanimously reversed, on the law and facts, and a new separate trial directed.

On April 5, 1988, appellant was indicted, together with Alberto Castro-Restrepo and Michael Fillion, for narcotics offenses occurring on March 23 and March 24, 1988.* In the previously decided appeal of codefendant Castro-Restrepo

---

* Prior to trial, codefendant Fillion pleaded guilty to criminal possession of a controlled substance in the second degree and was sentenced on November 10, 1988 to 8⅓ years to life. His judgment of conviction was affirmed by this court on April 19, 1990 (160 AD2d 538) and on August 30, 1990, leave to appeal to the Court of Appeals was denied.

(169 AD2d 454 ) we reversed the judgment and remanded for a new trial because of the misjoinder of the one charge against Castro-Restrepo with charges involving solely appellant. In making this determination, we rejected Castro-Restrepo's claim that a severance should have been granted on the basis of antagonistic defenses, since each defendant's claim of ignorance as to the contents of the cocaine-laden bags was not in irreconcilable conflict with the other's. *(See, People v Mahboubian,* 74 NY2d 174, 184.)

This ruling is equally applicable here. Our examination of the record, however, leads us to conclude that appellant, who took the stand in his own behalf, was unduly prejudiced by the cross-examination conducted by counsel for codefendant Castro-Restrepo. Although codefendant had the right to question defendant as vigorously as he would any other witness *(see, People v Owens,* 22 NY2d 93, 97; *People v Carter,* 86 AD2d 451, 457), his inquiries regarding appellant's postarrest silence unfairly penalized appellant for exercising his privilege against self-incrimination. *(People v Conyers,* 49 NY2d 174; *cf., People v Dawson,* 50 NY2d 311 [a defense witness's prior silence may be used to impeach his trial testimony].) That it was cocounsel and not the prosecutor who engaged in this line of inquiry did not mitigate its prejudicial effect. *(De Luna v United States,* 308 F2d 140, *reh denied* 324 F2d 375.)

Appellant's due process rights were similarly violated by cocounsel's repeated suggestion that he had the burden of proving his innocence by obtaining evidence and producing witnesses to substantiate his testimony. *(People v Faison,* 126 AD2d 739; *see, People v Nunez,* 74 AD2d 805, 806.)

For these reasons, we reverse the judgment of conviction and remand the matter for a new and separate trial. Concur—Murphy, P. J., Sullivan, Carro, Kassal and Wallach, JJ.