■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALDEMAR POSSO, Appellant.—Judgment, Supreme Court, New York County (Leslie Crocker Snyder, J.), rendered November 16, 1989, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the first degree and criminal possession of a controlled substance in the first degree, and sentencing him to concurrent terms of imprisonment of 22 years to life, unanimously affirmed.

Evidence at trial established that defendant, acting in concert with Agusto Wagner, Antonio Estrada, Francisco Ranno, and Alipio Munoz-Gonzales, negotiated and consummated the sale of 12 kilograms of cocaine to an undercover narcotics officer, in exchange for $575,000. A major portion of the negotiations, and the exchange of drugs for cash, were secretly observed and recorded on videotape by backup officers.

Defendant's claim, raised for the first time on appeal, that the trial court's mid-testimony denial of an application by codefendant Wagner's counsel for a second CPL article 730 competency hearing for Wagner denied defendant a fair trial, because Wagner's subsequent testimony incriminating himself and defendant was incompetent, is meritless. Initially, defendant failed to enter appropriate and timely objection to the trial court's ruling on the application, and thus defendant failed to preserve his claim for appellate review as a matter of law (CPL 470.05). In any event, defendant has no standing to challenge the trial court's application of the provisions of CPL article 730 to his codefendant, and there is no indication in the record that codefendant Wagner was an incompetent witness. Further, the record does not support defendant's claim that codefendant Wagner's alleged incompetency precluded meaningful cross-examination. Defendant cites no spe-

cific instance in which Wagner failed to respond adequately to a proper question during cross-examination, and in fact utilized Wagner's testimony during cross-examination, that he had hired defendant to work in his fish business, so as to argue in summation that he, defendant, was duped by Wagner into participating in the drug sale *(see, e.g., People v Kwok Chan,* 110 AD2d 158).

Likewise without merit is defendant's claim that alleged ineffectiveness of codefendant Estrada's counsel somehow affected defendant's right to a fair trial. Initially, defendant failed to enter appropriate and timely objection to the trial strategy of codefendant Estrada's counsel and thus failed to preserve any claim of prejudice for appellate review as a matter of law (CPL 470.05). In any event, defendant has no standing to challenge the effectiveness of his codefendant's counsel or codefendant Estrada's choice to testify, and has failed to cite any specific instance of conduct by counsel for codefendant Estrada that infringed on defendant's rights so adversely as to render the trial proceeding unfair to defendant *(see, People v Gonzalez,* 169 AD2d 646, 647, *lv denied* 78 NY2d 966).

We have considered defendant's remaining claims and find them to be without merit. Concur—Milonas, J. P., Ellerin, Kupferman, Asch and Kassal, JJ.