■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACK BLUME, Appellant.—Judgment rendered October 18, 1973, in Supreme Court, Bronx County, convicting defendant after a jury trial of the crimes of grand larceny in the third degree, assault in the second degree and burglary in the second degree, modified, on the law, by reducing the crime of grand larceny in the third degree to petit larceny and remitting the matter for resentence on such modification, and as so modified the judgment is otherwise affirmed. The requested charge to include petit larceny as a lesser included crime of grand larceny in the third degree, though refused, should have been given. On a reasonable view of the evidence the jury could well have found that the watchband was not taken from the person of the complainant but was picked up from the floor after the fight was over. (CPL 300.30, subd 1; *People v Iglesias,* 40 AD2d 778). We have considered the other points raised and find them to be without merit. Concur—Stevens, P. J., Kupferman, Lupiano and Tilzer; Capozzoli, J., dissents in part in the following memorandum: Capozzoli, J. (dissenting in part). I agree with the majority that the verdict should be modified by reducing the conviction of grand larceny in the third degree to petit larceny and affirming the conviction of assault in the second degree. However, I dissent from the majority's determination allowing the conviction of burglary in the second degree to stand. Based on the surrounding circumstances, I believe that the conviction of burglary in the second degree should be set aside and that count should be dismissed. It is crystal clear that we are not dealing with the usual, typical case of a burglary. The evidence is overwhelming that the defendant entered the garage for the purpose of demanding money, which he believed was due him from the complainant. In fact, the defendant had, prior thereto, instituted legal proceedings against the complainant to recover this money. The discussion between the defendant and the complainant centered on this issue and, eventually, erupted into violence, resulting in the defendant striking the complainant. The crime of burglary in the second degree requires a specific intent to commit that crime. However, the evidence is clear that the defendant had no such intent. No matter how mistaken he may have been as to his claim that money was owed to him from the complainant, that does not take the place of the required specific intent. He did not go to the garage to commit the burglary. Burglary in the second degree is defined in section 140.25 of our Penal Law as follows: "A person is guilty of burglary in the second degree when he knowingly enters or remains unlawfully in a building with intent to commit a crime therein, and when: 1. In effecting entry or while in the building or in immediate flight therefrom, he or another participant in the crime: * * * (b) Causes physical injury to any person who is not a participant in the crime". The only possible subdivision applicable to this case is subdivision (b), because the evidence indicates there was some injury to the complainant. However, the issue still remains, did the defendant enter the garage with intent to commit a crime therein? A fair view of the evidence reasonably leads to the conclusion that he had no such intent. He thought he had money coming to him and he sought to speak to the complainant in the hope that he might convince him to pay. To saddle this defendant with a burglary, second degree, conviction, under these circumstances, is not consistent with fairness.