■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL MIRRAS, Appellant. — Harvey, J. Appeal from a judgment of the County Court of Broome County (Coutant, J.), rendered January 6, 1984, upon a verdict convicting defendant of the crime of grand larceny in the third degree.

Defendant was indicted for grand larceny in the second degree for the alleged theft of funds from the Broome County Sportsmen's Association for the year 1982. During that year, defendant was the club's chairman of the trap shoot committee. As such, he was responsible for collecting the money charged the individual trap shooters. The money he collected was kept in a combination-locked cash box, which defendant kept in his possession. When defendant failed to account for the moneys that he received, an audit was conducted which disclosed that defendant had failed to turn over to the club $2,676.95.

At the conclusion of the evidence, the District Attorney requested that the trial court charge the lesser included offense of grand larceny in the third degree, which request was granted. Thereafter, defendant requested the charge of petit larceny and that request was denied upon the grounds that no reasonable view of the evidence would support a finding of theft of less than $250. Defendant was found guilty of grand larceny in the third degree and this appeal ensued.

Defendant's primary contention on appeal was that the trial court erred in refusing to charge petit larceny. The law in this respect was definitely established by *People v Glover* (57 NY2d 61, 63). "First, it must be shown that the additional offense that he desires to have charged is a 'lesser included offense', i.e., that it is an offense of lesser grade or degree and that in all circumstances, not only in those presented in the particular case, it is impossible to commit the greater crime without concomitantly, by the same conduct, committing the lesser offense. That established, the defendant must then show that there is a reasonable view of the evidence in the particular case that would support a

finding that he committed the lesser offense but not the greater". The trial court rejected defendant's request to charge petit larceny based upon a failure to pass the second prong of the test. This requires that there must be " 'some identifiable, rational basis on which the jury could reject a portion of the prosecution's case which is indispensable to establishment of the higher crime and yet accept so much of the proof as would establish the lesser crime' " (*People v Blim,* 63 NY2d 718, 720, quoting *People v Scarborough,* 49 NY2d 364, 369-370).

Although defendant has made a number of hypothetical examples of various possibilities in which he contends that the jury could have decided that the total theft was for a sum of money less than $250, such examples are so speculative as to fail to meet the test of rationality. Having thoroughly reviewed the testimony, we conclude that there was no rational basis to support a finding that defendant was guilty of petit larceny but not larceny of a higher degree.

Defendant further contends that the trial court erred in allowing evidence of the theft of certain ammunition. His theory is that it was collateral evidence of other misconduct (*see, People v Santarelli,* 49 NY2d 241). The indictment was very general in its allegation and not descriptive of any specific property. The evidence of theft of ammunition was part of the same scheme of events involving misappropriation of the club's moneys, and thus was essentially inextricably interwoven in the indicted crime (*People v Willis,* 52 AD2d 972). Whether this evidence was admissible need not be considered on appeal because there was no objection made at the time of its introduction at trial (*see, People v Carey,* 109 AD2d 982). At one point, defense counsel objected upon the basis of the evidence being repetitious. However, there was no objection made that the evidence was probative of crimes not alleged in the indictment.

We have examined the other contentions of defendant and found them to be unpersuasive.

Judgment affirmed. Main, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.