■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH GRAY, Appellant.—Judgment unanimously affirmed. Memorandum: There was a reasonable view of the evidence that warranted a finding that defendant caused "physical injury" but not "serious physical injury". Thus, the trial court did not err in submitting robbery in the second degree (Penal Law § 160.10 [2] [a]) as a lesser included offense of the third count of the indictment charging robbery in the first degree (Penal Law § 160.15 [2]). We also reject defendant's contention that evidence that another participant took the property impermissibly varied from that count of the indictment charging that defendant forcibly stole property. There is no distinction between liability as a principal or as an accessory, and an indictment charging either that defendant acted separately or jointly with others will sustain a conviction based upon evidence of his participation in the crime *(People v Duncan,* 46

NY2d 74, 79-80, *cert denied* 442 US 910; *People v Katz,* 209 NY 311, 325-326). Thus, proof that defendant's accomplice took the property while defendant pointed a loaded handgun at the victim was legally sufficient to support the indictment allegation that defendant forcibly stole property.

Defendant's contentions that the trial court erred in admitting evidence of an uncharged crime and improper bolstering evidence were not preserved for our review *(see,* CPL 470.05 [2]; *People v Qualls,* 55 NY2d 733; *People v Mirras,* 111 AD2d 1029, 1030, *lv denied* 66 NY2d 765). Discretionary review in the interest of justice is not warranted. We have reviewed the remaining contentions raised by defendant and find them to be without merit. (Appeal from Judgment of Supreme Court, Erie County, Kasler, J.—Attempted Murder, 2nd Degree.) Present—Boomer, J. P., Green, Balio, Fallon and Davis, JJ.