■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v TYRONE JOSEY, Respondent. [612 NYS2d 170] —Appeal by the People from an order of the Supreme Court, Queens County (Finnegan, J.), dated February 8, 1993, which granted the defendant's motion to set aside the verdict and ordered a new trial.

Ordered that the order is reversed, on the law, the motion to set aside the verdict is denied, the verdict is reinstated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.

The defendant was convicted, upon a jury verdict, of robbery in the first degree and assault in the second degree arising from the forcible theft of a bicycle from the 10-year-old complainant. During cross-examination of a police officer involved in the investigation of the subject incident, defense counsel elicited the fact that the complainant had initially identified the defendant as the individual who had stolen his bicycle after viewing approximately 1,500 photographs at the precinct house. Defense counsel did not move to strike the testimony as being unresponsive to the questions he posed and did not seek any curative instructions from the court. However, the court subsequently granted his motion to set aside the jury verdict pursuant to CPL 330.30 (1), finding that it had erroneously allowed the testimony regarding the complainant's prior photographic identification. We now reverse, and reinstate the verdict.

A trial court's authority to set aside a verdict under CPL 330.30 (1) is limited to grounds which, if raised on appeal, would require reversal as a matter of law *(see, People v Carter,* 63 NY2d 530, 536). Accordingly, only a claim of error that is properly preserved for appellate review may serve as the basis to set aside the verdict *(see, People v Sadowski,* 173 AD2d 873, 874). Here, the defendant failed to preserve his claim that testimony about the complainant's prior photographic identification was erroneously adduced. The challenged testimony

resulted from the questions posed by his own attorney, and the defendant did not move to strike it as unresponsive *(see, People v Bolden,* 58 NY2d 741; *People v Cowan,* 111 AD2d 343, 345). Under the circumstances here, we conclude that the trial court was not empowered to set aside the jury's verdict. Thompson, J. P., Sullivan, Ritter and Friedmann, JJ., concur.