■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID HUTCHINSON, Appellant. [870 NYS2d 365]

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish, beyond a reasonable doubt, that the defendant caused serious physical injury to the police officer identified in count one of the indictment with the intent to prevent her from performing a legal duty (*see* Penal Law §§ 120.08, 10.00 [10]; *People v Kibbe*, 35 NY2d 407, 412 [1974]; *People v Kenward*, 266 AD2d 155 [1999]; *People v Thompson*, 245 AD2d 321 [1997]; *People v Wright*, 221 AD2d 577 [1995]; *People v Gibson*, 140 AD2d 453 [1988]; *People v Gray*, 47 AD2d 674 [1975]). Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt on that count was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

While the defendant's contention that the evidence was legally insufficient to establish that he committed the crime of assaulting a police officer under count one of the indictment was preserved for appellate review, his contention that the evidence was legally insufficient to establish that he committed the crime of assault in the second degree under count three of the indictment is not (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484 [2008]; *People v Bynum*, 70 NY2d 858 [1987]). As to the latter, although the defendant did raise a similar argument in his motion pursuant to CPL 330.30 to set aside the verdict, raising such an argument for the first time in such a motion is not sufficient to preserve a claim for appellate review (*see People v Padro*, 75 NY2d 820 [1990]; *People v Sadler*, 49 AD3d 670 [2008]). We decline to review that issue in the exercise of our interest of justice jurisdiction (*see* CPL 470.15 [3] [c]; [6] [a]).

The sentence imposed was not excessive (*see People v Suitte*,

90 AD2d 80, 83 [1982]). Spolzino, J.P., Angiolillo, Dickerson and Belen, JJ., concur.