■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADAN ROSADO, Appellant. [930 NYS2d 10]—

The evidence was legally insufficient to establish that either the broken nose or the three chipped teeth sustained by the victim constituted serious physical injury, an element of gang assault in the second degree. Neither of these injuries "creat-[ed] a substantial risk of death, or . . . caus[ed] death or serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ" (Penal Law § 10.00 [10]).

It is uncontroverted that, following successful reconstructive surgery, neither the functioning of the victim's nose nor his general health was impaired as a result of the fracture. The indentation in the victim's nose following surgery, while qualifying as "disfigurement" (*see Fleming v Graham*, 10 NY3d 296,

301 [2008]), cannot be said to fall within the definition of "serious disfigurement." "Serious disfigurement" requires something more, and is established only upon proof that "a reasonable observer would find [the injured person's] altered appearance distressing or objectionable" (*People v McKinnon*, 15 NY3d 311, 315 [2010]). No such evidence was presented at trial.

The People also argue that the victim's three chipped teeth rise to the level of serious physical injury, based on testimony that the plastic material used to replace the chipped enamel had to be replaced approximately every 10 years and that darkening of the affected teeth and improper healing of the nerves was "possible." However, the need for maintenance at relatively long intervals does not constitute serious disfigurement, or an impairment to the victim's health or the functioning of his teeth. Finally, while a likelihood of adverse effects on appearance, functionality, or overall health may qualify as serious physical injury, the mere possibility of such consequences does not.

In view of this determination, we need not reach defendant's remaining claims. Concur—Andrias, J.P., Friedman, Renwick, Richter and Manzanet-Daniels, JJ.