■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RONALD SUDOL, Respondent. [932 NYS2d 49]—

A motion to set aside the verdict may be granted only if it alleges grounds that, if raised on direct appeal, "would require a reversal or modification of the judgment as a matter of law by an appellate court" (CPL 330.30 [1]). Since a trial court lacks this Court's interest of justice jurisdiction, its power is far more

limited, and it may only grant a CPL 330.30 (1) motion where the error alleged has been preserved by a proper objection at trial (*People v Everson*, 100 NY2d 609 [2003]).

The motion court, which had also presided at trial, set aside the gang assault conviction on the ground of legal insufficiency with respect to the element of serious physical injury. It also determined that defendant was entitled to a new trial on the remaining count because of prosecutorial improprieties in cross-examination of defendant and in summation. The motion court concluded that defendant had preserved all of these issues. However, we find that none of these issues were preserved under the standards of preservation set forth by the Court of Appeals.

At trial, defendant moved for a trial order of dismissal, but did not challenge the sufficiency of the evidence that the victim sustained a serious physical injury. While defense counsel may have argued to the jury that this element was not proved as a matter of fact, he never argued to the court that it was not proved as a matter of law. Accordingly, this claim is unpreserved (*see People v Gray*, 86 NY2d 10 [1995]), and the motion court lacked authority to set aside the verdict on that ground. However, the court's ruling on the merits was correct. The evidence was insufficient to establish that the victim suffered serious physical injury (*see* Penal Law § 10.00 [10]) as a result of the attack. The fracture to the orbital socket of the victim's eye was surgically repaired and the victim suffered no lasting ill effects beyond an occasional twitching of his eye (*see People v Rosado*, 88 AD3d 454 [2011]). Nevertheless, given the current procedural posture, we are unable to affirm on this ground, and are constrained by CPL 470.05 (1) to await a postsentencing appeal by defendant to consider the question of whether the sufficiency claim should be addressed under our interest of justice or weight of the evidence review powers (*see People v Goodfriend*, 64 NY2d 695 [1984]; *People v Ponnapula*, 229 AD2d 257, 274 [1997]; *People v Sadowski*, 173 AD2d 873, 873-874 [1991]).

The motion court also set aside the verdict on the ground that the prosecutor improperly cross-examined defendant about an Internet statement he made, in which defendant expressed an anti-police and anti-authority bias. However, the record fails to support the court's finding that defendant preserved this issue by way of a specific objection.

In any event, regardless of preservation, none of the bases on which the court faulted this cross-examination was a sufficient ground on which to order a new trial. The cross-examination did not implicate the court's *Sandoval* ruling or defendant's right to notice under CPL 240.43, because it only involved an

attitude, not "criminal, vicious or immoral conduct." While the prosecutor failed to read the complete statement, defense counsel could have provided the full context by introducing the remainder of the statement (*see People v Torre*, 42 NY2d 1036 [1977]), but failed to do so. Finally, the statement had some impeachment value regarding an aspect of defendant's testimony. While the trial court could have chosen to exercise its discretion to exclude the statement as unduly prejudicial, its failure to do so did not entitle defendant to a new trial as a matter of law.

The court also set aside the verdict on the ground of a series of alleged improprieties in the prosecutor's summation. With the possible exception of a remark that defendant challenged as shifting the burden of proof, none of his challenges to the summation were properly preserved (*see People v Romero*, 7 NY3d 911, 912 [2006]). In any event, the challenged remarks were generally permissible (*see Portuondo v Agard*, 529 US 61 [2000]; *People v Savage*, 50 NY2d 673 [1980], *cert denied* 449 US 1016 [1980]; *People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]), and nothing in the summation was so egregious as to require a new trial. Moreover, any improprieties could have been rectified by curative instructions, but defendant never requested any (*see People v Young*, 48 NY2d 995 [1980]). Concur—Saxe, J.P., Sweeny, DeGrasse, Manzanet-Daniels and Román, JJ.