People v Tyndall (2020 NY Slip Op 00310)





People v Tyndall


2020 NY Slip Op 00310


Decided on January 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2017-12960
 (Ind. No. 5671/15)

[*1]The People of the State of New York, appellant,
v
Dane Tyndall, respondent.


Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Camille O'Hara Gillespie of counsel), for appellant.
Craig S. Leeds, New York, NY, for respondent.



DECISION & ORDER
Appeal by the People from an order of the Supreme Court, Kings County (ShawnDya L. Simpson, J.), dated September 29, 2017, which granted the defendant's motion pursuant to CPL 330.30(1) to set aside the jury verdict and dismissed the indictment.
ORDERED that the order is reversed, on the law, the defendant's motion to set aside the jury verdict is denied, the indictment and the verdict are reinstated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.
The defendant was charged with various offenses stemming from his participation in an armed robbery that occurred in the basement of a barbershop in Brooklyn. The Supreme Court submitted six counts to the jury: two counts of robbery in the first degree (Penal Law § 160.15[4]), two counts of robbery in the second degree (Penal Law § 160.10[1]), burglary in the first degree (Penal Law § 140.30[4]), and burglary in the third degree (Penal Law § 140.20). The jury convicted the defendant of all counts. The court granted the defendant's motion pursuant to CPL 330.30(1) to set aside the verdict. The People appeal.
"In considering a motion to set aside or modify a jury verdict pursuant to CPL 330.30(1), a trial court may only consider questions of law, not fact" (People v McFadden, 94 AD3d 1150, 1150). Legal sufficiency of the evidence supporting a conviction presents a pure question of law (see People v Hampton, 21 NY3d 277, 287). Here, however, the Supreme Court should not have set aside the defendant's convictions on the ground that they were based on legally insufficient evidence, since the evidence, viewed in the light most favorable to the People (see People v Contes, 60 NY2d 620), was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see People v Danielson, 9 NY3d 342, 349; People v Bleakley, 69 NY2d 490, 495).
The defendant's contentions, inter alia, that the verdict was against the weight of the evidence, the prosecutor made improper remarks during summation, the police improperly returned evidence to the complainants without providing the defense with the opportunity to examine or inspect them, and the jury's deliberations were cut short, were not considered by the Supreme Court, and thus are alternative grounds for affirmance. However, on the People's appeal, this Court is "without power to consider [the] defendant's alternat[e] arguments for affirmance" (People v Karp, [*2]76 NY2d 1006, 1009; see People v Sturges, 164 AD3d 616, 619; People v Banks, 42 AD3d 574, 575).
DILLON, J.P., LEVENTHAL, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court