People v Cooper (2021 NY Slip Op 04259)





People v Cooper


2021 NY Slip Op 04259


Decided on July 8, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:July 8, 2021

110399
[*1]The People of the State of New York, Respondent,
v
Theodore R. Cooper, Appellant.

Calendar Date:May 27, 2021

Before:Garry, P.J., Lynch, Clark, Aarons and Colangelo, JJ.

Adam H. Van Buskirk, Auburn, for appellant.
Kirk O. Martin, District Attorney, Owego (Cheryl Mancini of counsel), for respondent.



Garry, P.J.
Appeal from a judgment of the County Court of Tioga County (Keene, J.), rendered February 16, 2018, upon a verdict convicting defendant of the crime of grand larceny in the third degree.
At approximately 1:30 a.m. on February 8, 2017, a deputy sheriff observed a pickup truck leaving a business that sold tractor parts, among other things. When the deputy initiated a traffic stop, the truck pulled over and two passengers fled on foot. After observing numerous metal parts in the bed of the truck, the deputy secured defendant, who was in the driver seat. Defendant and the two codefendants were thereafter jointly charged by indictment with grand larceny in the third degree for stealing tractor parts. After County Court denied defendant's suppression motion, a jury convicted him of the sole count.[FN1] The court sentenced him, as a second felony offender, to a prison term of 3 to 6 years. Defendant appeals.
Defendant contends that he was arrested without probable cause, so County Court should have suppressed the tractor parts seized from the truck. "Where a police officer reasonably suspects that a particular person has committed, is committing or is about to commit a felony or misdemeanor, the CPL authorizes a forcible stop and detention of that person. To justify such an intrusion, the police officer must indicate specific and articulable facts which, along with any logical deductions, reasonably prompted that intrusion" (People v Smith, 185 AD3d 1203, 1204 [2020] [internal quotation marks and citations omitted]). "If the intrusion involved is of sufficient magnitude, it can constitute an arrest, but not every seizure where a police officer . . . handcuffs an individual necessarily elevates the [detention] to a full-blown arrest" (People v Stroman, 107 AD3d 1023, 1023-1024 [2013] [citations omitted], lv denied 21 NY3d 1046 [2013]; see People v Allen, 73 NY2d 378, 380 [1989]; People v Gray, 143 AD3d 909, 909 [2016], lvs denied 28 NY3d 1143, 1145 [2017]). "In the absence of a warrant, a lawful arrest is one that is supported by probable cause," which "exists when an officer has knowledge of facts and circumstances sufficient to support a reasonable belief that an offense has been or is being committed" (People v Drayton, 189 AD3d 1888, 1890 [2020] [internal quotation marks and citations omitted], lv denied 36 NY3d 1119 [2021]). "A suppression court's factual determinations and credibility assessments are entitled to great weight and will not be overturned on appeal unless clearly erroneous or contrary to the evidence" (People v Wideman, 192 AD3d 1384, 1385 [2021] [citations omitted]; see People v Lowndes, 167 AD3d 1228, 1229 [2018]).
At the suppression hearing, the deputy testified that he was parked and conducting radar patrol in the early morning hours when he observed a truck exit the parking lot of a tractor parts business that was closed. The deputy followed the truck and initiated a traffic stop after noticing that the license plate [*2]was obscured and the vehicle swerved over the double yellow lines. When the truck pulled over, one passenger immediately fled on foot and another fled soon thereafter. As he approached the truck, the deputy noticed that its bed was loaded with metal parts. Defendant, who was "very sweaty" and "looked exhausted," was sitting in the driver seat. The deputy obtained defendant's identification, handcuffed him and placed him in a patrol car. The owner of the business testified that, upon receiving a call from the police in the early morning hours, he went to the scene of the traffic stop, which was a short distance from his home and business. He identified the tractor parts in the truck as having come from his business and attested that defendant did not have permission to take those parts.
Defendant concedes that the stop was justified based on observed traffic violations (see Vehicle and Traffic Law §§ 402 [1] [b]; 1120 [a]). The deputy's "conduct in placing defendant in handcuffs and [sitting] him in the back seat of the patrol car constituted . . . a forcible detention, which required [the deputy] to have a reasonable suspicion that defendant was involved in a felony or misdemeanor" (People v Swain, 168 AD3d 1130, 1131-1132 [2019], lv denied 34 NY3d 938 [2019]; see People v Pruitt, 158 AD3d 1138, 1139 [2018], lvs denied 31 NY3d 1120 [2018]; People v Stroman, 107 AD3d at 1024). Upon review we find that the deputy's testimony, as set forth above, provided grounds supporting a reasonable suspicion that justified his actions in handcuffing defendant and placing him in the patrol car for a brief investigatory detention (see People v Pruitt, 158 AD3d at 1139-1140; People v Delvillartron, 120 AD3d 1429, 1432 [2014]). Having encountered this uncertain situation, the deputy was justified in continuing to forcibly detain defendant while he attempted to locate the men who had fled and to quickly confirm or dispel his reasonable suspicion that defendant had stolen the tractor parts (see People v Griffin, 188 AD3d 1701, 1703 [2020], lv denied 36 NY3d 1050 [2021], cert denied ___ US ___ [Apr. 19, 2021]; People v Rose, 72 AD3d 1341, 1344-1345 [2010], lv denied 16 NY3d 745 [2011]). When the owner arrived at the scene a short time later and provided clarifying information, the deputy obtained probable cause to arrest defendant (see People v Rose, 72 AD3d at 1345). Accordingly, we will not disturb County Court's decision to deny defendant's suppression motion.
Defendant's legal sufficiency challenge is unpreserved, as he failed to move for a trial order of dismissal (see People v Hawkins, 11 NY3d 484, 492 [2008]; People v Farnham, 136 AD3d 1215, 1215 [2016], lv denied 28 NY3d 929 [2016]). "Nevertheless, in reviewing whether the verdict is against the weight of the evidence, this Court necessarily must ensure that the People proved each element of the crime beyond a reasonable doubt" (People v White-Span, 182 AD3d 909, 910 [2020] [internal quotation marks [*3]and citations omitted], lv denied 35 NY3d 1071 [2020]; see People v Garrand, 189 AD3d 1763, 1763 [2020], lv denied 36 NY3d 1120 [2021]). As relevant here, "[a] person is guilty of grand larceny in the third degree when he or she steals property and . . . when the value of the property exceeds [$3,000]" (Penal Law § 155.35 [1]). "In determining the value of stolen property, the jury need only have a reasonable, rather than speculative, basis for inferring that the value exceeded the statutory requirement. Because property valuation is not strictly a subject for expert testimony, opinion testimony by a lay witness is competent to establish the value of the property if the witness is acquainted with the value of similar property" (People v Butcher, 192 AD3d 1196, 1198-1199 [2021] [internal quotation marks, brackets and citations omitted], lv denied 36 NY3d 1118 [2021]; see People v Guarnieri, 122 AD3d 1078, 1079 [2014]).
At trial, the deputy testified that he did not see the truck enter the business' parking lot, the back of the lot was not visible from where he was parked across the street, and he had been parked there for more than half an hour when he saw the truck exit the lot. While traveling behind the truck, he noticed that it was stacked high with metal parts. After the other two men fled, the deputy noticed that defendant was "heavily exhausted," "soaked in sweat" and out of breath. The owner testified that the business was closed at the relevant time and the yard is not open to the public when the business is closed. He also testified that defendant did not have permission to be in the yard at that time or to take any tractor parts. Surveillance video from the business depicted a truck entering the yard at 12:23 a.m. and leaving at 1:27 a.m. While the truck was in the yard, three people exited it, they removed items from shelves and pallets and placed them in the truck, and the truck moved around in the yard without using its headlights. This evidence and reasonable inferences supported by it proved that defendant and his two codefendants stole the tractor parts that the deputy found in the truck.
The owner testified that the business, among other things, buys tractors and dismantles them for used parts. The owner is responsible for pricing the used tractor parts, which he has done each workday for more than 40 years. He identified the parts in the bed of the truck as having been taken from his business. He went through the stolen parts individually and placed a value on each, taking into consideration the age and condition of the parts; he testified that his price estimates were conservative. He was familiar with these parts from his experience of having previously priced and sold ones of the same makes and models. The owner testified that he essentially sets the market price for used tractor parts in the area, as the next nearest dealer is located almost two hours away. According to the owner's testimony, as supported [*4]by his detailed written statement listing each part and the price he assigned, the total fair market value of all the stolen parts was $5,410. On cross-examination, the owner acknowledged that he had previously signed another witness statement that had noted the total value was "greater than a thousand dollars," but without a precise number listed.
Based on the evidence concerning the value of the stolen parts, including the owner having issued a prior statement that differed from his later and more detailed estimate, a different verdict would not have been unreasonable. Although the owner was not certified as an expert witness, he had over 40 years of experience valuing these items, owned the only tractor parts business in his locality and specifically attested to his knowledge and experience in dealing with each of the stolen parts. Accordingly, his testimony "provided a reasonable basis for the jury to determine that the value of the [tractor parts] exceeded $3,000" (People v Butcher, 192 AD3d at 1199; see People v Furman, 152 AD3d 870, 874 [2017], lv denied 30 NY3d 1060 [2017]; People v Helms, 119 AD3d 1153, 1154-1155 [2014], lv denied 24 NY3d 1044 [2014]). Weighing the relative probative force of conflicting testimony and according deference to the jury's credibility determinations, the verdict was not against the weight of the evidence.
Defendant requested that County Court charge grand larceny in the fourth degree and petit larceny as lesser included offenses of grand larceny in the third degree. The court charged grand larceny in the fourth degree but declined to charge petit larceny. "A defendant is entitled to a lesser included offense charge upon request when (1) it is impossible to commit the greater crime without concomitantly committing the lesser offense by the same conduct and (2) there is a reasonable view of the evidence to support a finding that the defendant committed the lesser offense but not the greater" (People v Burns, 188 AD3d 1438, 1442 [2020] [internal quotation marks and citations omitted], lvs denied 36 NY3d 1055, 1060 [2021]). "In determining whether such a reasonable view exists, the evidence must be viewed in the light most favorable to [the] defendant" (People v Martin, 59 NY2d 704, 705 [1983] [citation omitted]). As previously noted, "[a] person is guilty of grand larceny in the third degree when he or she steals property" valued in excess of $3,000 (Penal Law § 155.35 [1]). In contrast, grand larceny in the fourth degree requires proof that the stolen property is valued in excess of $1,000 (see Penal Law § 155.30 [1]), and petit larceny has no minimum value requirement for the stolen property (see Penal Law § 155.25).
Petit larceny is a lesser included offense of grand larceny in the third degree (see People v Ferrara, 121 AD2d 159, 160 [1986]; People v Blume, 48 AD2d 616, 616 [1975]; People v Dotson, 46 AD2d 690, 691 [1974]), thus satisfying the first prong for a request of a lesser included offense [*5]charge. As to the second prong, the record reveals certain discrepancies in the owner's testimony regarding the value of the stolen property — namely, that he initially valued the property at greater than $1,000, without a specific number, and later valued it at $5,410. Thus, a reasonable view of the evidence could have supported a finding that the stolen property had a value of less than $3,000 but more than $1,000. This evidence supported defendant's request for a charge of grand larceny in the fourth degree, but not for petit larceny, as there was no evidence to support a finding that the property was worth less than $1,000 (see People v Mirras, 111 AD2d 1029, 1029-1030 [1985], lv denied 66 NY2d 765 [1985]). Accordingly, County Court did not err in declining to give the jury a petit larceny charge.[FN2]
We reject defendant's argument that he was denied the effective assistance of counsel (see People v McCoy, 169 AD3d 1260, 1265 [2019], lv denied 33 NY3d 1033 [2019]; People v Mosley, 155 AD3d 1124, 1128 [2017], lv denied 31 NY3d 985 [2018]). Considering defendant's prior criminal history, we do not find the sentence to be harsh or excessive (see People v Butcher, 192 AD3d at 1199; People v Gilmore, 177 AD3d 1029, 1029-1030 [2019], lvs denied 35 NY3d 970 [2020]). Defendant's remaining contentions are without merit.
Lynch, Clark, Aarons and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: One codefendant pleaded guilty to the sole count and the other codefendant died prior to trial.

Footnote 2: In any event, any error in failing to charge petit larceny would be harmless here, as the jury was charged with a lesser offense — grand larceny in the fourth degree — and still convicted defendant of the original greater offense. As juries are instructed not to consider lesser included offenses unless they find the defendant not guilty of the charged crime (see CJI2d[NY] Lesser Included Offenses), it would be illogical and contrary to such instructions to believe that the jury would have convicted defendant of an even lower level offense.