People v Sanchez (2024 NY Slip Op 50305(U))

[*1]

People v Sanchez

2024 NY Slip Op 50305(U)

Decided on March 8, 2024

County Court, Putnam County

Molé, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 8, 2024
County Court, Putnam County

The People of the State of New York,

against
Elisa Sanchez, Defendant.

Indictment No. 70040-23

Goldberger & Dubin, P.C.
Attn: Stacey Van Malden, Esq.
Attorneys for Defendant Elisa Sanchez 
401 Broadway — Suite 306
New York, NY 10013
Email: staceyl11@optonline.net & gnd401@aol.com
Putnam County District Attorney's Office
Attn: ADA Mackenzie Ferguson
40 Gleneida Avenue
Carmel, NY 10512
Email: mackenzie.ferguson@putnamcountyny.gov

Anthony R. Molé, J.

The following papers were read and considered on the motion (Mot. Seq. No. 4) by defendant ELISA SANCHEZ, made pursuant to CPL 330.30, to set aside the verdict and granting a new trial; or, alternatively, to modify the verdict:
Papers:
1. Notice of Motion; Affirmation in Support; Affidavit of Dr. Tomas Infernuso; Exhibits 1-3
2. People's Affirmation in Answer
3. Reply Memorandum of Law
Upon review of the foregoing papers, the Court finds and determines as follows:
The Court assumes that the parties are familiar with the underlying facts and the procedural history of this case and therefore addresses the facts only as necessary to decide the present motion.
Following a jury trial which concluded in December of 2023, defendant was convicted of grand larceny in the third degree (Penal Law § 155.35 [1]), and criminal possession of stolen property in the third degree (Penal Law § 165.50).[FN1]
Shortly thereafter, defendant retained new counsel. A fully executed consent to change attorney was filed reflecting the substitution of outgoing trial counsel and incoming counsel. Prior to sentencing, defendant's new counsel filed a motion, pursuant to CPL 330.30,[FN2]
to set aside the verdict or modify it on the grounds of legal sufficiency, prosecutorial misconduct, and ineffective assistance of counsel.
As a preliminary matter, the Court notes that while defendant may have apparently copied parts of the trial transcript and inserted it in her motion papers as quotes, she failed to include the trial transcript, or relevant portions thereof, for this Court's independent review in connection with the claims she raises in her motion. Defendant's moving papers, alone, are insufficient for purposes of references to the trial transcript. This omission was significant.
Failure to include at least portions of the trial transcript make the record inadequate, so as to enable this Court to render an informed decision on the merits with respect to defendant's motion. Notwithstanding defendant's omission, the Court, through the undersigned's law clerk, requested copies of the complete trial transcript from the court reporters, and was able to obtain the stenographic trial minutes so it can review relevant portions of the record. The Court now turns to the merits.
CPL 330.30 (1) permits a trial court to set aside or modify a verdict at any time prior to sentencing "upon . . . [a]ny ground appearing in the record which, if raised upon an appeal from a prospective judgment of conviction, would require a reversal or modification of the judgment as a matter of law by an appellate court" ([emphasis added]; see People v Freire, 168 AD3d 973, 974 [2d Dept 2019], lv denied 33 NY3d 976 [2019]).[FN3]
"The power granted [to] a Trial Judge is, thus, far more limited than that of an intermediate appellate court, which is authorized to determine not only questions of law but issues of fact . . ., to reverse or modify a judgment when the verdict is against the weight of the evidence . . ., and to reverse as a matter of discretion in the interest of justice" (People v Carter, 63 NY2d 530, 536 [1984]).
"A postverdict motion made pursuant to CPL 330.30 is not, by itself, ordinarily sufficient to preserve a 'question of law' within the meaning of CPL 470.05 (2)" (People v Padro, 75 NY2d 820, 821 [1990]). "Accordingly, only an error of law which is properly preserved for appellate review may serve as a basis for a trial court's setting aside the verdict" (People v Fai Cheung, 247 AD2d 405, 405 [2d Dept 1998], lvs denied 92 NY2d 841, 854 [1998] [citations omitted]; People v Josey, 204 AD2d 571, 571 [2d Dept 1994]). In People v Taylor (187 AD3d 58 [2d Dept 2020]), the Second Department reaffirmed that "a trial court determining a motion pursuant to CPL 330.30 lacks the power to overturn a verdict on this ground where . . . the contention does not present an issue that 'would require a reversal or modification of the judgment as a matter of law by an appellate court'" (id. at 62, quoting CPL 330.30 [1]; see People v Williams, 208 AD3d [*2]899, 903 [2d Dept 2022]; People v Josey, 204 AD2d at 571).
I. Legal Sufficiency Claim
Defendant contends that the conviction is not supported by legally sufficient evidence. The question presented by defendant's CPL 330.30 (1) motion to this Court, as the trial judge, is limited to whether the trial evidence was legally sufficient to establish defendant's guilt of the offenses (see CPL 470.15 [4] [b]; People v Carter, 63 NY2d at 536). Legally sufficient evidence is "competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant's commission thereof" (CPL 70.10 [1]). "A verdict is legally sufficient if there is any valid line of reasoning and permissible inferences that could lead a rational person to conclude that every element of the charged crime has been proven beyond a reasonable doubt. In considering the evidence we view it in the light most favorable to the prosecution and recognize that the People are entitled to all reasonable evidentiary inferences. Further, we must assume that the jury credited the People's witnesses and gave the prosecution's evidence the full weight it might reasonably be accorded" (People v Gordon, 23 NY3d 643, 649 [2014] [internal brackets, quotation marks, and citations omitted]).
As explained, this Court cannot independently weigh the evidence and conduct its own factual review. The undersigned has no power to re-evaluate the quality of the evidence. Well-established precedent instructs that a trial court is powerless to set aside a verdict on the ground that it is against the weight of the evidence or whether the proof establishes guilt beyond a reasonable doubt (see People v Carter, 63 NY2d 530; People v Adams, 272 AD2d 177, 178 [1st Dept 2000], lv dismissed 95 NY2d 862 [2000]; People v Pirozzi, 237 AD2d 628, 630 [2d Dept 1997], lv denied 90 NY2d 909 [1997]). "This power, and its concomitant responsibility, is vested exclusively in intermediate appellate courts and involves a substantially different analysis of the facts than that necessary to determine the sufficiency of the evidence as a matter of law" (People v Carthrens, 171 AD2d 387, 392 [1st Dept 1991]).
The power granted to this Court under CPL 330.30 does not include the power to alter a guilty verdict based upon a reassessment of the facts (see People v Colon, 65 NY2d 888, 890 [1985]). The Court notes that resolutions on issues of credibility, and the weight to be accorded to the evidence presented, are primarily questions of fact to be determined by the jury who saw and heard the witnesses. Any inconsistencies in the testimony of the witnesses raise credibility issues that were resolved by the triers of fact (see People v Fuller, 50 NY2d 628, 635 [1980]; People v Davis, 299 AD2d 420, 422 [2002], lv denied 99 NY2d 653 [2003]). The undersigned cannot engage in a process of trying to ascertain the basis of the jury's determination and the guilty verdict. Such an inquiry would impermissibly intrude into the jury's deliberative process by speculating on how the jury may have credited the witnesses or perceived the evidence.
A. Preservation
This Court is limited to those issues that are preserved for appellate review. A defendant's trial motion for dismissal made at the close of the People's case must contain arguments directed at specific deficiencies in the proof (see People v Gray, 86 NY2d at 19-21). Belatedly raising an argument about legal insufficiency in the context of this CPL 330.30 motion is insufficient to preserve a claim for appellate review (see People v Hutchinson, 57 AD3d 565, 565 [2d Dept [*3]2008], lv denied 12 NY3d 784 [2009]).
Defendant's motion may be based only upon a ground that would require reversal by an appellate court as a matter of law. An unpreserved claim that the evidence is legally insufficient to support a conviction is not such a ground. By making a particularized trial motion to dismiss directed at the specific deficiencies that are claimed for purposes of preserving an issue on appeal, a defendant preserves his or her legal sufficiency claim for appellate review (see People v Carncross, 14 NY3d at 324-325 [2010]; People v Gray, 86 NY2d at 19-21).
Here, trial counsel made a motion to dismiss the indictment for evidentiary sufficiency on the ground that the People did not establish the aggregate value of the stolen medications and supplies by merely relying on a "printout paper" rather than an "actual inventory listing" accurately reflecting the specific prices of the medication and supplies. Trial counsel contended that the prosecution had not established "the amount of money" that they were valued at. Trial counsel also moved to dismiss on the ground that defendant did not "take any medicines out of the facility" or remove them, arguing there was no testimony elicited that the medications or supplies left the facility building. The Court denied trial counsel's motion to dismiss after hearing oral arguments.
Were it to find that defendant's legal sufficiency claim was not preserved, the failure to preserve the specific issue for appeal would mandatorily bar this Court from entertaining her claim on this motion. Only matters which have been properly preserved for appellate review may be raised on a motion under CPL 330.30 (1) (see People v Fai Cheung, 247 AD2d at 405; People v Josey, 204 AD2d at 571). Though not addressed by the People, the Court shall not pass upon the issue of whether defendant properly preserved for appellate review her claim of legal sufficiency. The undersigned makes no determination as to whether defendant did adequately preserve her claim that the evidence was legally insufficient. For purposes of deciding this motion, the Court will leave the preservation issue to a reviewing intermediate appellate court (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 491-493 [2008]; People v Bynum, 70 NY2d 858 [1987]).[FN4]

While it is true that trial counsel did not craft and cogently articulate the argument in the trial motion to dismiss with the same degree of specificity as is now being advanced in defendant's motion, an element of both of the crimes that defendant was found guilty of requires that the value of the property be in excess of $3,000 (see Penal Law §§ 165.50 [criminal possession of stolen property in the third degree]; 155.35 [1] [grand larceny in the third degree]). In any event, and irrespective of whether her claim in this regard was properly preserved, the Court holds that the evidence was legally sufficient to establish defendant's guilt when viewing the evidence in the light most favorable to the prosecution.
B. Assessing Legal Sufficiency of the Evidence
"'In assessing legal sufficiency, a court must determine whether there is any valid line of [*4]reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial'" (People v Cahill, 2 NY3d 14, 57 [2003], quoting People v Bleakley, 69 NY2d 490, 495 [1987]). Legal sufficiency of the evidence supporting a conviction presents a pure question of law, not a question of fact (see People v Hampton, 21 NY3d 277, 287 [2013]; People v Tyndall, 179 AD3d 846, 847 [2d Dept 2020]).
Applicable here, "[a] person is guilty of criminal possession of stolen property in the third degree when he [or she] knowingly possesses stolen property, with intent to benefit himself [or herself] or a person other than an owner thereof or to impede the recovery by an owner thereof, and when the value of the property exceeds [$3,000]" (Penal Law § 165.50). "In this regard, a defendant's knowledge that property is stolen may be proven circumstantially, and the unexplained or falsely explained recent exclusive possession of the fruits of a crime allows . . . draw[ing] a permissible inference that [the] defendant knew the property was stolen" (People v Fauntleroy, 108 AD3d 885, 886 [3d Dept 2013] [internal quotation marks, brackets, and citation omitted]; accord People v Chandler, 104 AD3d 618, 619 [1st Dept 2013], lv denied 21 NY3d 1002 [2013]; see People v Cintron, 95 NY2d 329, 332 [2000]).
Also relevant here, a person is guilty of grand larceny in the third degree when "he or she steals property and . . . the value of the property exceeds [$3,000]" (Penal Law § 155.35 [1]). "A person steals property and commits larceny when, with intent to deprive another of property or to appropriate the same to himself[, herself,] or to a third person, he [or she] wrongfully takes, obtains or withholds such property from an owner thereof" (Penal Law § 155.05 [1]). "To deprive another of property means (a) to withhold it or cause it to be withheld from him [or her] permanently . . ., or (b) to dispose of the property in such manner or under such circumstances as to render it unlikely that an owner will recover such property" (Penal Law § 155.00 [3] [internal quotation marks omitted]). "Larcenous intent is rarely susceptible of proof by direct evidence, and must usually be inferred from the circumstances surrounding the defendant's actions" (People v Drumgold, 206 AD3d 1044, 1045 [3d Dept 2022], lv denied 38 NY3d 1150 [2022]).
"In determining the value of stolen property, the jury need only have a reasonable, rather than speculative, basis for inferring that the value exceeded the statutory requirement. Because property valuation is not strictly a subject for expert testimony, opinion testimony by a lay witness is competent to establish the value of the property if the witness is acquainted with the value of similar property" (People v Cooper, 196 AD3d 855, 858 [3d Dept 2021], lv denied 37 NY3d 1160 [2022] [internal quotation marks and citation omitted]). Applying the governing legal principles to the evidence presented, the Court finds that defendant's conviction is supported by legally sufficient evidence (see CPL 470.05 [2]; People v Hines, 97 NY2d 56, 61 [2001]).
At trial, the People called Mark Blanchard, the operations manager at the facility, who provided testimony that permitted the jury to reasonably infer that defendant stole medications and supplies which were valued at more than $3,000 (see Penal Law § 155.35). Blanchard testified that he oversaw the purchasing department at the facility, described the inventory process when medications or supplies are purchased by the facility, and where they are stored after purchase. Blanchard explained that he was given various items found in defendant's personal cooler bag to inventory and he ascribed a total monetary value to the items stolen by defendant. Blanchard testified that he created an inventory price sheet listing the medications and supplies that defendant impermissibly took from the facility. He described that he was able to assign a fair market value of over $10,000 to the stolen pieces at the time of their theft. [*5]Accordingly, his testimony, coupled with the inventory price sheet that was admitted into evidence without trial counsel's objection, provided a reasonable basis for the jury to determine that the value of the medications and supplies that defendant stole exceeded $3,000 (see People v Cooper, 196 AD3d at 858-859; People v Card, 115 AD3d 1007, 1008 [3d Dept 2014], lv denied 23 NY3d 961 [2014]). Among other evidence adduced at trial, the jury was entitled to credit Blanchard and the inventory price sheet in question.
Moreover, the People presented other evidence including witness testimony from an employee who observed defendant package the medications and supplies into her personal cooler bag, and try to remove them from the facility. The jury relied on the accounts of what transpired on the day in question when defendant was caught removing the medications and supplies from the facility.
Equally unavailing is defendant's contention that the People submitted conclusory evidence regarding the fair market value of the stolen medications or supplies — thus, warranting modifying her conviction for grand larceny in the third degree to petit larceny and vacating her conviction for criminal possession of stolen property in the third degree. Because the evidence is legally sufficient to establish defendant's guilt, the Court rejects this argument (see People v Carter, 63 NY2d at 536; People v Johnson, 197 AD3d 61, 66 [3d Dept 2021]; People v Brown, 141 AD2d 657, 658 [2d Dept 1988]).
The value of stolen property is "the market value of the property at the time and place of the crime, or if such cannot be satisfactorily ascertained, the cost of replacement of the property within a reasonable time after the crime" (Penal Law § 155.20 [1]). Here, the record shows that "the jury had a reasonable basis for inferring, rather than speculating, that the value of the stolen property exceeded the statutory threshold of $3,000" (People v Raszl, 108 AD3d 1049, 1050 [4th Dept 2013] [internal brackets, quotations, and citation omitted]). The evidence was sufficient to establish that the aggregate value of the medicines and supplies stolen by defendant from the facility exceeded $3,000 (see People v Oliver, 186 AD3d 1261, 1262 [2d Dept 2020], lv denied 35 NY3d 1115 [2020]). The evidence adduced at trial established all of the required elements of grand larceny in the third degree and criminal possession of stolen property in the third degree.
Viewing the foregoing evidence in the light most favorable to the People (see People v Bleakley, 69 NY2d at 495), the Court concludes that there is a valid line of reasoning and permissible inferences from which a rational jury could have found the elements of grand larceny in the third degree and criminal possession of stolen property in the third degree, proved beyond a reasonable doubt. The evidence, in its totality, renders the verdict legally sufficient (see id.; People v Contes, 60 NY2d 620, 621 [1983]; People v Adams, 281 AD2d 486, 487 [2d Dept 2001]).[FN5]

The balance of defendant's contention made in connection with her legal sufficiency claim goes to weight of the evidence which the Court shall not entertain. The jury was entitled to credit or discredit the evidence as it saw fit. In support of her motion, defendant submits an affidavit, sworn to on September 15, 2022, from Dr. Thomas Infernuso — wherein he states, among other things, that defendant is an "independent contractor" with integrity, that she has [*6]been honest and compassionate, and is an exemplary licensed veterinary technician. Even disregarding the timing of when it was made, the Court wholly rejects Infernuso's affidavit as improper since, among other reasons, he was not called to testify at trial. Even if he was, his testimony would go to the weight of the evidence. Infernuso's affidavit, furthermore, is grounded upon alleged facts not appearing in the record (see People v Demeritt, 291 AD2d 726, 728 [3d Dept 2002], lv denied 98 NY2d 650 [2002]). If certain facts that may be in dispute have to be supplemented by an affidavit, then a CPL 330.30 (1) motion is inappropriate (see id.; People v Jackson, 152 AD2d 977, 978 [4th Dept 1989], lv denied 74 NY2d 897 [1989]; see also People v Thompson, 177 Misc 2d 803, 807-808 [Sup Ct, Kings County 1998]). Thus, the affidavit submitted from an individual who did not testify at trial is not a basis to set aside the verdict under CPL 330.30 (1) (see People v Carter, 63 NY2d at 536).
II. Prosecutorial Misconduct Claim
Next, defendant claims prosecutorial misconduct inasmuch as the prosecutor made improper remarks and comments during opening statements and closing summations to the jury. More specifically, defendant argues that the prosecutor made commentary references that she violated an oath as a veterinary technician and that she engaged in animal cruelty (which was not a charged offense), thereby depriving her of a fair trial. Defendant expounds on this argument by asserting that the prosecutor's comments may have changed the outcome of the trial inasmuch as the prosecutor's remarks inflamed the jury, were contrary to the crux of this case, and unfairly appealed to the jurors' sympathies.
In denying all of the foregoing, the People counter that the record is devoid of any reference that they sought to adduce evidence that defendant committed an uncharged crime of animal cruelty. They maintain that the prosecutor's comments in question were related to the evidence at trial or can rationally be inferred therefrom. Additionally, the People press that trial counsel failed to lodge objections on the purportedly improper comments and thus, her prosecutorial misconduct claim is unpreserved.
The Court initially notes that certain allegations in support of defendant's motion concern matters that are "outside the record and for that reason [cannot] be considered in a CPL 330.30 (1) motion" (People v Wolf, 98 NY2d 105, 119 [2002]). In order to preserve an issue for appeal, defendant must have specifically objected to the error on the record and specifically inform the trial judge of the alleged error (see People v Mercado, 91 NY2d 960, 963 [1998]; People v Santos, 86 NY2d 869, 870 [1995]). Defendant did not.
In this case, the parties concede that trial counsel failed to object on the record to the prosecutor's purportedly improper remarks during opening summations and closing arguments. The improper comment must be objected to at the time the comment is made in order to preserve the issue for appeal. This is important because a trial judge may only review errors of law. If an improper comment was not timely objected to by trial counsel, then defendant must appeal to the Appellate Division's authority to review errors in the interest of justice (see CPL 470.05 [2]; People v Ortiz, 189 AD3d 891, 892 [2d Dept 2020], lv denied 36 NY3d 1058 [2021]). Crucially, the undersigned highlights that "'[s]ince a trial court lacks [an appellate] Court's interest of justice jurisdiction, its power is far more limited, and it may only grant a CPL 330.30 (1) motion where the error alleged has been preserved by a proper objection at trial" (People v Bickham, 189 AD3d 1972, 1976 [3d Dept 2020], lv denied 36 NY3d 1095, quoting People v Sudol, 89 AD3d 499, 499-500 [1st Dept 2011]).
Contrary to defendant's incorrect assertion, the undersigned, as the trial court, does not possess "interest of justice" jurisdiction like an intermediate appellate court. Such has been reaffirmed through well-established precedent (see People v Bickham, 189 AD3d at 1976; People v Sudol, 89 AD3d at 499-500). The trial court is limited to matters of law that have been preserved, and which would require reversal of the conviction when appealed (see CPL 470.15 [2]; 470.35 [1], [3] [c]). Moreover, in addressing a CPL 330.30 (1) motion, "County Court lacks interest of justice jurisdiction to reduce the conviction" (People v Hawkins, 99 NY2d 592, 593 [2003]). Only an intermediate appellate court can review an issue in the exercise of its interest of justice jurisdiction (see CPL 470.15 [3] [c], [6] [a]; People v Hutchinson, 57 AD3d 565, 565 [2d Dept 2008], lv denied 12 NY3d 784 [2009]). This Court cannot exercise interest of justice jurisdiction to reach the issue of defendant's claim of prosecutorial misconduct based on purportedly improper remarks. Therefore, defendant's contention of prosecutorial misconduct must fail.
In reviewing the trial minutes, the Court holds that defendant did not preserve her prosecutorial misconduct claim by failing to object during the prosecutor's opening statement and closing summation and, instead, by raising this issue for the first time in her motion to set aside the verdict (see People v Christie, 55 AD3d 341, 342 [1st Dept 2008], lv denied 12 NY3d 757 [2009]). In any event, the Court finds her claim to be without merit for the following reasons.
Defendant was not deprived of a fair trial by alleged prosecutorial misconduct during the opening statements. The record demonstrates that trial counsel did not lodge any objections on the record when the prosecutor made her opening statements. Moreover, the jury was explicitly instructed that neither the opening statements — nor the closing summations — amounted to evidence. The prosecutor's opening statements did not distort the evidence, described the responsibilities of defendant's job as a veterinary technician during the criminal conduct, and aspired to highlight the importance of the oath that defendant took in her employment in such capacity. Hence, defendant's argument relative to the opening statements does not furnish a proper predicate for setting aside the verdict (see People v Albert, 85 NY2d 851, 853 [1995]; People v Castro, 281 AD2d 935, 935 [4th Dept 2001], lvs denied 96 NY2d 860 [2001], 6 NY3d 811 [2006]; see also People v Christie, 14 Misc 3d 1219[A], *3 [Sup Ct, Bronx County 2007], affd 55 AD3d 341 [1st Dept 2008]).
Defendant likewise failed to preserve her objection relative to summations. Regardless, her contention that the prosecutor engaged in misconduct based on some of the purported remarks during summations is unavailing. Generally, a prosecutor "is to be afforded the widest latitude by way of comment, denunciation[,] or appeal in advocating his [or her] cause" (People v Ashwal, 39 NY2d 105, 109 [1976] [internal quotation marks and citation omitted]). "[S]ummation is not an unbridled debate in which the restraints imposed at trial are cast aside so that counsel may employ all the rhetorical devices at his or her command, but rather, there are certain well-defined limits. Counsel is to stay within the four corners of the evidence and avoid irrelevant and inflammatory comments which have a tendency to prejudice the jury against the accused" (People v Ortiz, 189 AD3d at 892-893 [internal quotation marks, brackets, and citations omitted]).
Part of defendant's challenges to the prosecutor's closing summations tend to go to the weight of the evidence. To the extent defendant argues that some of the prosecutor's comments during closing summations were improper, exceeded the bounds of fair comment, or could be [*7]characterized as inflammatory to arouse the sympathies of the jurors, the Court finds that the prosecutor's comments were not so egregious or unduly prejudicial so as to deprive defendant of a fair trial or unduly prejudice her (see id. at 892; People v Freire, 168 AD3d at 976; People v Jearel, 175 AD3d 565, 566 [2d Dept 2019], lv denied 34 NY3d 981 [2019]). The record discloses that the prosecutor's remarks were either fair comment on the evidence or a fair response to matters raised in the defense's summation. Any such comments on summations do not warrant a new trial under CPL 330.30. For these reasons, the Court rejects defendant's claim (see People v Boone, 84 AD3d 1108, 1109 [2d Dept 2011], lvs denied 17 NY3d 951 [2011], 26 NY3d 1086 [2015]).
III. Ineffective Assistance of Counsel Claim
Lastly, defendant claims that she did not receive the effective assistance of counsel from her trial attorney on various grounds. She ascribes error based on trial counsel's purported failures to understand the fair market value element of the crimes, present a theory of the defense, make timely objections, and to adequately prepare for the trial.
The record reflects that trial counsel did not present evidence to counter the prosecution's case and rested on the People's evidence as was presented. Trial counsel expressed on the record that "after . . . careful review of the evidence . . . last night with [defendant], we are ready to proceed to summation" and "we will not be calling witnesses."[FN6]
Trial counsel's opening statement could be seen as forcefully advocating the theory of the case, to which she adhered during the ensuing trial.
To the extent reviewable on the record here, defendant's contentions that trial counsel failed to understand the value elements of the subject crimes, conduct a proper cross examination, or understand the rules of hearsay, are without merit. Defendant's assertion that trial counsel failed to object at trial to the inventory price sheet as hearsay is unavailing. Failure to raise an objection that would likely be overruled does not constitute ineffective assistance. Indeed, "[t]here can be no denial of effective assistance of trial counsel arising from counsel's failure to make a motion or argument that has little or no chance of success" (People v Caban, 5 NY3d 143, 152 [2005] [internal quotation marks and citation omitted]). Simply failing to object to testimony or admission of hearsay does not, in and of itself, constitute ineffective assistance of counsel (see People v Bell, 188 AD3d 904, 906 [2d Dept 2020], lv denied 36 NY3d 1049 [2021]; People v Bloom, 149 AD3d 1462, 1463 [4th Dept 2017], lv denied 30 NY3d 947 [2017]).
Even assuming, arguendo, that the inventory price sheet constituted hearsay evidence, any error involving the introduction of hearsay evidence and in failing to object to inadmissible bolstering testimony about it "was at most a mistaken judgment as to trial strategy and cannot be characterized as ineffective assistance of counsel" (People v Jackson, 52 NY2d 1027, 1029 [1981]; People v Hyatt, 2 AD3d 749, 749-750 [2d Dept 2003], lv denied 1 NY3d [2004]). The record also shows that trial counsel actively pursued pretrial discovery, made various motions, vigorously cross-examined the People's witnesses, and made effective opening and closing statements. In presiding over this case from the outset, trial counsel had taken the time to review and prepare a defense; and she "was familiar with and able to employ at trial the basic principles [*8]of criminal law and procedure" (People v Newton, 138 AD2d 415, 416 [2d Dept 1988], lv denied 72 NY2d 864 [1988]). To the extent that the matters are apparent on the record itself, the Court rejects defendant's claim that she was denied effective assistance of counsel.
Examining a good portion of defendant's moving papers, her claim that she was deprived of her right to the effective assistance of counsel is also based, in part, on matter appearing on the record and, in part, on matter outside of the record — thus, constituting a "mixed claim of ineffective assistance" (People v Ahmed, 173 AD3d 1058, 1060 [2d Dept 2019]). That would require this Court to consider matter outside the record, which it cannot.[FN7]
To the extent that she advances a mixed claim of ineffective assistance of counsel, defendant's motion is procedurally defective since it is limited to grounds appearing in the actual record (see People v Wolf, 98 NY2d at 119; People v Ahmed, 173 AD3d at 1060; People v Freire, 168 AD3d at 975; see also CPL 330.30 [1]; People v Ai Jiang, 62 AD3d 515, 516 [1st Dept 2009], lv denied 14 NY3d 769 [2010]).
Insofar that defendant raises any issues in her CPL 330.30 (1) motion claiming ineffective assistance of counsel based on trial counsel's alleged failures to engage in plea negotiations, adequately prepare for trial prior to commencement, or the defense's trial strategy itself, such cannot be resolved without reference to matters outside the record. The Court reaches the same conclusions here with respect to defendant's additional arguments that her trial counsel failed to call a potentially exculpatory witness or deprived her from exercising her right to testify in her own defense (see People v Carpenter, 52 AD3d 729, 729 [2d Dept 2008], lv denied 11 NY3d 830 [2008]; People v LaFrance, 182 AD2d 598, 599 [1st Dept 1992], lv denied 80 NY2d 905 [1992]).[FN8]
Those issues rest on matters which are dehors the record. Therefore, such arguments are improperly raised in this motion (see People v Heron, 130 AD3d 754, 755 [2d Dept 2015], lv denied 26 NY3d 968 [2015]; People v Perry, 266 AD2d 151-152 [1st Dept 1999], lv denied 95 NY2d 856 [2000]). Hence, the Court agrees with the People and concludes that defendant is not entitled to relief pursuant to CPL 330.30 (1) with respect to her claim of ineffective assistance of counsel.
The Court, in conclusion, holds that there is no ground appearing in the record which requires reversal, modification of the verdict, or granting a new trial. Both sides were afforded a fair trial. Defendant's CPL 330.30 motion is therefore denied in all respects.
To the extent not specifically mentioned herein, defendant's remaining contentions have been examined and are without merit. Any other relief requested by defendant not expressly addressed herein is denied. Accordingly, it is hereby:
Ordered that the motion made by defendant ELISA SANCHEZ, pursuant to CPL 330.30, to set aside the verdict and granting a new trial or, alternatively, to modify the verdict, is DENIED in its entirety; and it is further
Ordered that the defendant and counsel shall personally appear on March 27, 2024, at 9:30 a.m., for sentencing on this matter.
The foregoing constitutes the opinion, decision, and order of this Court.
Dated: March 8, 2024
Carmel, New York
E N T E R:
HON. ANTHONY R. MOLÉ
Judge of the County Court

Footnotes

Footnote 1:Defendant was convicted of both counts in the indictment.

Footnote 2:Such a motion may be filed "[a]t any time after rendition of a verdict of guilty and before sentence" (CPL 330.30).

Footnote 3:The Court will not address whether there are other procedural bars to an appeal that could impact any potential arguments which may be raised by defendant in the event she pursues an appeal.

Footnote 4:In conducting appellate review, an intermediate appellate court may well find that defendant's legal sufficiency claim was not properly preserved for one or both offenses should it hold that trial counsel's motion was not directed at specific deficiencies in the People's proof (see People v Hutchinson, 57 AD3d 565, 565 [2d Dept 2008], lv denied 12 NY3d 784 [2009]).

Footnote 5:Though not at issue here, the undersigned notes parenthetically that the Court of Appeals has held that a factual inconsistency in the verdict does not render "the record evidence legally insufficient to support the conviction" (People v Abraham, 22 NY3d 140, 147 [2013]).

Footnote 6:The Court expresses no view on whether that was a legitime trial strategy or calculated decision.

Footnote 7:The Court declines to consider any matter outside the record and has no obligation to convert this prejudgment motion to one made pursuant to CPL article 440, as doing so would be premature (see e.g. People v Spirles, 294 AD2d 810, 811 [4th Dept 2002], lv denied 98 NY2d 713 [2002]; People v Bailey, 275 AD2d 663, 664 [1st Dept 2000], lv denied 95 NY2d 960 [2000]).
Footnote 8:Defendant does not unequivocally aver in her moving papers that she desired to testify at trial against the advice of her trial counsel, or that she insisted on doing so by disregarding trial counsel's advice.